## COMMONWEALTH *vs.* HENRY DEAN & others.

Upon an indictment for rape, on which a *nolle prosequi* "to so much of this indictment as charges rape" has been entered, a conviction may be had, under the Gen. Sts. *c.* 172, § 16, of a simple assault, if connected with the offence charged in the indictment; but not of a distinct assault.

A conviction may be had on an indictment for an assault, although the assault was part o an act of rape.

INDICTMENT against Henry Dean, Michael Lafferty, John Finnegan, and four other men, for rape upon the person of Susan Emerald, on November 19, 1871.

At the trial in the superior court in Suffolk, before *Brigham,* C. J., the district attorney indorsed this entry on the indictment: " I will no further prosecution as to so much of this indictment as charges rape." The defendants then objected that they could not be lawfully held to answer further to the indictment; but the judge overruled the objection, and ordered the trial to proceed as for a simple assault.

The Commonwealth introduced evidence, from Susan Emerald and others, tending to show that Lafferty and Finnegan, on the afternoon of November 19, 1871, had sexual intercourse with Emerald by force and against her will, by entering a room where she was, seizing her, throwing her upon a bed, and each holding her while the other in turn accomplished his purpose; that Lafferty, Finnegan, Emerald and others were in the room for two or three hours; and that during this time Emerald received blows on two or three distinct occasions, from persons in the room, when Lafferty and Finnegan were present

Lafferty and Finnegan admitted that they had sexual intercourse with Emerald, but contended that it was with her consent. They requested the judge to rule " that neither of them could be convicted for any assault not connected with the rape originally charged in the indictment," and " that if a rape, including the assault charged, was actually committed, they were entitled to an acquittal."

The judge refused so to rule, and instructed the jury " that they must be convinced, beyond a reasonable doubt, that, at the time and place to which the evidence in support of the indictment related, the defendants joined, either by acts of assault, or by their presence and encouragement, assisting and participating in the assault ; and that the defendants might be convicted of this assault, notwithstanding that the assault alleged in the indictment was thus committed in connection with the circumstances upon which the original charge of rape in the indictment was found, and upon which Emerald claimed at this time that a rape was committed upon her." Lafferty and Finnegan were convicted of a simple assault, and alleged exceptions ; the other defendants were acquitted.

*P. R. Guiney*, for Lafferty and Finnegan. 1. By the entry of a *nolle prosequi* as to the rape, the Commonwealth abandoned the parts of which the charge was composed.

2. If a felony was committed, the assault was merged. *Rex* v. *Cross*, 1 Ld. Raym. 711. *Rex* v. *Evans*, 5 C. & P. 553. *Regina* v. *Anderson*, 2 Mood. & Rob. 469. *Rex* v. *Harmwood*, 1 East P. C. 411. *Rex* v. *Isaac*, 2 East P. C. 1031. *Commonwealth* v. *Roby*, 12 Pick. 496. *Commonwealth* v. *Kingsbury*, 5 Mass. 106. *Johnson* v. *State*, 2 Dutcher, 313, 323. *Commonwealth* v. *McGowan*, 2 Pars. 341.

3. The evidence showed several assaults ; the only one for which the defendants could be held was the one connected with the rape charged in the indictment. *Regina* v. *Guttridge*, 9 C. & P. 471. *Regina* v. *St. George*, Ib. 483, 491. *Regina* v. *Phelps*, 2 Moody, 240. *Regina* v. *Crumpton*, Car. & Marshm. 597. *Regina* v. *Watkins*, Ib. 264. *Commonwealth* v. *Blood*, 4 Gray, 31.

*C. R. Train,* Attorney General, *& J. C. Davis,* Assistant Attorney General, for the Commonwealth, cited *Commonwealth* v. *Tuck,* 20 Pick. 356; *Regina* v. *Neale,* 1 Denison, 36; *Bank Prosecutions,* Russ. & Ry. 378; *State* v. *Leavitt,* 32 Maine, 183; *State* v. *Shepard,* 7 Conn. 54; *Regina* v. *Button,* 11 Q. B. 929; *Commonwealth* v. *McPike,* 3 Cush. 181; *Commonwealth* v. *Burke,* 14 Gray, 100.

COLT, J. An assault is necessarily charged substantially, in an indictment for rape. *Commonwealth* v. *Drum,* 19 Pick. 479. And under the Gen. Sts. *c.* 172, § 16, a person indicted for the latter offence, if convicted by the jury of the former, although it constitutes but part of the offence charged, may be adjudged guilty and sentenced accordingly. The defendants were so convicted in this case.

It is insisted that this conviction was erroneous, because, after the entry of a *nolle prosequi,* which appears on the back of the indictment in these words, "I will no further prosecution as to so much of this indictment as charges rape," the defendants could not lawfully be held to answer further, and as the only offence charged is rape, it follows that, if that be abandoned, the government must be held to have abandoned the parts of which that crime is composed, namely, the force and violence used, as well as the carnal knowledge. But the fair inference from the terms of this indorsement is, that the intention was to abandon only those ingredients of the crime, which, added to the force and violence used, made the offence rape. There would otherwise have been an abandonment of the whole charge, without qualification. This was the construction put upon it by the attorney for the Commonwealth, at the trial, and the defendants were convicted of the simple assault only. It does not appear that there has been any wrong done in this respect. In effect, it is the same as if the verdict had been for the assault only, without a *nolle prosequi* in the case.

The defendants also requested the court to instruct the jury, that, if they were satisfied that a rape was actually committed, then the defendants were entitled to an acquittal, because when a felony in fact is committed the misdemeanor is merged therein

But we are of opinion that the fact, if proved, that the assault constituted part of the commission of a rape, affords no ground upon which the defendants should not be convicted of the assault upon an indictment sufficiently alleging it. *The Queen* v. *Button,* 11 Q. B. 929. *Regina* v. *Neale,* 1 Denison, 36. *Commonwealth* v. *Bakeman,* 105 Mass. 53. *Morey* v. *Commonwealth,* 108 Mass. 433.

The defendants further requested the court to instruct the jury that neither could be convicted for any assault not connected with the rape originally charged. And this instruction we are of opinion, in view of the government evidence, should have been given. The evidence showed several distinct assaults in the course of the two or three hours, when the parties were together, by the defendants or by other persons in their presence. The only assault for which the defendants could be held was the one connected with the rape charged by the grand jury and sworn to before them as well as before the traverse jury.

It is the duty of the Commonwealth to prove the identity of the offence charged in the indictment with that on which it seeks to convict before the jury of trials. It is a rule of the common law, as well as a provision of the Constitution of this Commonwealth, that no one shall be held to answer, unless the crime with which it is intended to charge him is set forth in the indictment with precision and fulness ; and this rule is not to be defeated by allowing the defendant to be convicted upon evidence of another offence of the same kind, committed on the same day, but not identical with it. *Commonwealth* v. *Blood,* 4 Gray, 31. The prisoners could not be lawfully convicted for an assault which was not an ingredient in the felony with which they were originally charged. By the refusal to give the instructions asked, and under those which were given, and which cannot be regarded as equivalent, the jury may have understood differently. *Regina* v. *Guttridge,* 9 C. & P. 471. Upon this ground the

<div style="text-align: right;">

*Exceptions must be sustained.*