## S. MARION REYNOLDS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*conviction of a less offense than charged.* The rule, that a defendant in a criminal case may be convicted of a lesser offense than that for which he is charged and tried, applies only where the lesser offense is included in the higher one. If it is not a constituent element in the higher crime charged, no such conviction can be had.

2. SAME—*one charged with felony can not be convicted as accessory after the fact.* The offense of which an accessory after the fact may be guilty, is not included in, nor has it any connection with, the principal crime. The one can not be committed until the principal offense is an accomplished fact. Therefore, one indicted for larceny can not be convicted of being an accessory after the fact.

3. FORMER DECISION. What was said in *Yoe* v. *The People*, 49 Ill. 410, on this subject, was not necessary to the decision, and the rule was not correctly stated.

4. FORMER ACQUITTAL. The acquittal of a party indicted as a principal is no bar to an indictment against him as an accessory after the fact, and *vice versa.*

5. ACCESSORY AFTER THE FACT—*proof of.* Proof of the principal felony does not prove or tend to prove a party is guilty as an accessory after the fact.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

At the June term, 1876, of the Knox county circuit court, S. Marion Reynolds, J. W. Mageors *alias* Bob Mageors and John Kibby were jointly indicted for the larceny of a steer, the property of James Thomas. Kibby was permitted to give evidence on behalf of the State against his co-defendants, and was not himself arraigned. On the trial Mageors was found guilty of larceny, and his punishment fixed at three years in the penitentiary, and Reynolds was found guilty as "an accessory after the fact," with a recommendation he suffer the full penalty of the law. Motions for a new trial and in arrest of judgment were severally overruled and judgment pro-

nounced on the verdict. Mageors was sentenced to the penitentiary for a period of three years, and Reynolds to pay a fine of $500, and to be confined in the county jail for a period of two years. Reynolds brings the case to this court on error.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the plaintiff in error.

Mr. J. J. TUNNICLIFFE, State's Attorney, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is very clear the conviction of Reynolds can not be sustained under the present indictment. Of the crime of larceny, for which he was indicted jointly with others, he was acquitted, but the principal being found guilty, he was found guilty as an " accessory after the fact." This conviction is without warrant of law.

An accessory is defined in the statute to be one "who stands by and aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised, encouraged, aided or abetted the perpetration of crime." One thus guilty is considered a principal and punished accordingly. An " accessory after the fact " is not punished, under our statute, as a principal. A less measure of punishment is provided. The definition given in the statute as well as at common law, makes a clear distinction in the offenses. Under our law, " every one not standing in the relation of husband or wife, parent or child, brother or sister to the offender, who knows the fact that a crime has been committed, and conceals it from the magistrate, or who harbors, conceals, maintains or assists any principal felon or accessory before the fact, knowing him to be such, shall be deemed an accessory after the fact."

One offense defined is a felony, and the other is but a misdemeanor. Text writers record it from the old books, that " every treason includes a misprision of treason, and every felony a misprision of felony," and such misprision is but a misdemeanor. It has been definitely declared in the decisions

of this court, as in *Carpenter* v. *The People*, 4 Scam. 197, when a defendant is put upon his trial for a crime which includes an offense of an inferior degree, he may be acquitted of the higher offense and convicted of the lesser, although there may be no count in the indictment specifically charging that particular offense. Illustrations are given in other cases. Where the crime charged is murder, the accused may be convicted of manslaughter; or where the crime charged is rape, the conviction may be for attempt to commit a rape. The principle is, the graver offense necessarily includes the lesser, and proof of the higher crime can not be made without proof of all that which it includes. But this rule always implies the lesser offense is included in the higher crime with which the accused is specifically charged, and if it is not a constituent element in the higher crime charged, no conviction can be had. *Carpenter* v. *The People, supra; Beckwith* v. *The People*, 26 Ill. 500.

The offense of which an "accessory after the fact" may be guilty, is not included, nor has it any connection, with the principal crime. This is apparent from the definitions given, both in our statute and in the common law. The one can not be committed until the principal offense is an accomplished fact. Persons occupying a certain relation to the offender are excluded from the operation of the statute. The guilty knowledge, which is the essence of the offense, comes after the principal crime is committed, and of course they can have no connection with each other. But no better test need be sought than the fact a party indicted as a principal and acquitted may yet be indicted as an "accessory after the fact," or if indicted as an "accessory after the fact" and acquitted, he may be indicted as a principal, and the reason assigned in the common law authorities is, they are "offenses of several natures." Hence a conviction for one is no bar to a prosecution for the other. Hale's Pleas of the Crown, 1 vol. 626.

What was said in *Yoe* v. *The People*, 49 Ill. 410, on this subject, was not necessary to the decision, and on more mature reflection we are satisfied it was not correctly stated.

31—83D ILL.

According to the finding of the jury, the accused did not participate in the principal crime for which he was indicted, but was found guilty of a misdemeanor subsequently committed, with which he had not been charged. This is not according to the analogies of the law. Proof of the principal felony does not prove nor tend to prove a party is guilty as an " accessory after the fact." It would be a most illogical conclusion. As at common law, so under our statute, they are " offenses of several natures."

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*