STATE v. RICHARD COOLEY and others.

### Peace Warrant—Costs.

1. A peace warrant, in which is alleged no threat, nor fact or circumstance, from which the Court can determine whether the fear of the prosecutor is well founded or not, should be quashed.

2. In such case, *it was held,* to be error to tax the defendant with costs.

PROCEEDING under a Peace Warrant heard at November Term, 1877, of WAKE Criminal Court, before *Strong, J.*

A peace warrant, (in which the prosecutor alleged that he had reason to fear, and did fear that defendants would do him private injury, &c.) was obtained at the instance of one Paschall, and the defendants were arrested and held to answer before a Justice of the Peace, who after hearing the evidence adjudged that the warrant be dismissed at the costs of defendants. And in the Court below, their counsel moved to quash the proceeding, which motion was denied ; and after hearing the evidence on the part of the State and defendants, His Honor ordered the defendants, then in Court in obedince to their recognizance, to pay the costs of the proceeding, and the defendants appealed.

*Mr. T. P. Devereux* who prosecuted in the Court below appeared with the *Attorney General,* for the State.

*Mr. W. H. Pace,* for the defendants.

FAIRCLOTH, J. We do not know what sort of a case was disclosed by the evidence, but we can see that the warrant ought to have been quashed on defendants' motion, on the ground that it, or the affidavit alleged no threat, fact or circumstance from which the Court could determine whether the " fear " of the prosecutor was well founded or not, nor for which the prosecutor if swearing falsely could be prosecu-

ted. There being no charge against the defendants, of course they could not be taxed with the costs.

Error. Let this be certified and the proceedings quashed below.

PER CURIAM.                        Judgment reversed.