### STATE v. ALFRED GORAM.

*Peace Warrant.*

A peace warrant in which is alleged no threat, fact or circumstance from which the court can determine whether the fear of the prosecutor is well founded, should be quashed.

(*State* v. *Cooley*, 78 N. C., 538, cited and approved.)

PROCEEDING under a Peace Warrant heard at Spring Term, 1880, of WAKE Superior Court, before *Gudger, J.*

The warrant was issued, in behalf of one Malvina Goram, by a justice of the peace, and alleged "that she has reason to fear and doth fear that Alfred Goram will do her serious bodily injury, and hath prayed that he be bound with surety to keep the peace." Upon the hearing, the defendant moved to quash the proceedings on the ground that the warrant does not show that any threats were made by defendant. Motion overruled and the defendant appealed.

*Attorney General,* for the State.
*Mr. J. H. Fleming,* for defendant.

DILLARD, J. The defendant on the application of Malvina Goram was adjudged in a justice's court to find surety of the peace, and on appeal to the superior court he moved to quash the warrant on the ground that no threat, fact, or circumstance was alleged either in the warrant, or affidavit on which it was founded, from which it could be seen that the fear of the party praying surety of the peace was well founded. His Honor overruled the motion and adjudged that the defendant pay the costs, from which judgment the appeal is taken.

In this case, the application for surety of the peace was

in terms based on the allegation that the party applying, had reason to fear and did fear that defendant would do her serious bodily injury, and the case of appeal does not disclose whether any ground to bind was established by the evidence. In *State* v. *Cooley*, 78 N. C., 538, it is ruled that a peace warrant alleging no threat, fact or circumstance from which the court can determine whether the fears of the party praying surety of the peace were well founded, should be quashed ; and upon the authority of that case we hold that the judge should have quashed the warrant in this case.

Let this be certified to the end that the warrant be quashed in the court below.

PER CURIAM.                                   Error.