## The People v. Frank Adams.

*Homicide—Conviction of less offence than is charged.*

1. A statutory information for murder will not sustain a conviction for a mere assault, especially if it does not set out a murder by assault.

2. A criminal assault resulting in death is either murder or manslaughter in Michigan.

3. There can be no conviction of a lighter offense than is charged in the information unless it is one that is included in that which is charged.

Error to Wexford. (Fallass, J.) Oct. 19.—Oct. 31.

Murder. Respondent brings error. Reversed.

Attorney General *Jacob J. Van Riper* for the People.

*Sawyer & Bishop* for respondent. At common law the jury may acquit of the principal charge and find the prisoner guilty of an offense of lesser grade if contained within it (*People v. McDonald* 9 Mich. 153; *Hanna v. People* 19 Mich. 316) *i. e.* if it is a necessary element of the offense charged; and not otherwise : *Reynolds v. People* 83 Ill. 479: 25 Am. 410 ; *Beckwith v. People* 26 Ill. 500 ; assault and battery is not a necessary element of homicide : 2 Bishop Crim. Pr. §§ 512, 537, 553; *Wright v. State* 5 Ind. 527 ; where the information is for murder (*Regina v. Guttridges*

9 C. &P. 471)   the assault and battery, if any, is merged in the felony, and the act is either murder, manslaughter or justifiable or excusable homicide: *Burns v. People* 1 Park. Cr. 182; *State v. Littlefield* 35 Am. 335; *Commonwealth v. Roby* 12 Pick. 504.

CAMPBELL, J.   Respondent was charged with murder, and convicted of assault and battery, and sentenced.   He brings error on several grounds, the principal one being the illegality of such a finding.

It is certainly a little singular that an assault which is followed by death as its result should be regarded as anything but homicide.   If a crime at all it must have been murder or manslaughter, and a verdict clearing a party from that guilt is not in accordance with common sense. Whether it could stand in any case where murder is charged is not very important here, because no rule has ever allowed a less offense to be found unless included in the one charged, and the information before us, while it charges defendant with murder, is in the abbreviated statutory form and does not set out murder by assault, and an assault cannot be held as covered by it as an independent averment.

The judgment must be reversed and the prisoner discharged.

The other Justices concurred.