## DAVIS v. STATE.

1.  CRIMINAL LAW.

Under an indictment for murder the accused may be convicted of an assault with intent to kill, provided the indictment contain all the substantive allegations necessary to let in proof of the inferior crime, and the proof show that the offense of which he is convicted, and the one charged in the indictment, are the same.

APPEAL from *Garland* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*Sanders & Husbands* for Appellant.

The indictment is in the short Code form, charging the single offense of murder, and it is submitted :

1.   On an indictment for murder or homicide a defendant cannot be convicted of an assault with intent to kill. *Mansf. Dig., Secs. 2105, 2108.* The subsequent section sets out the offenses which may be joined, and in none of the subdivisions does it permit homicide and assault with intent to kill to be joined in the same indictment. The two offenses are entirely distinct, separate and opposed to each other, and by no possible contingency can the one be included in the other. *Cameron v. State, 13 Ark., 712,* and *State v. Cryer, 20 Id., 64,* were decided before the legislature prohibited the joinder of offenses, except as permitted by *Sec. 2109, Mansf. Dig.,* and was based upon the common law construction of joinder of offenses, and

what lower offenses were included in the higher by construction. *33 Ark., 176; 32 Id., 203; 1 Bish. Cr. Law, Sec. 809; 1 Bish. Cr. Pro., Sec. 197; Ib., Sec. 552; 2 Blackf., 259; 13 Sm. & M., 263; 9 Mo., 419; 14 Ala., 411.*

2. If such conviction could be had it could only be upon an indictment containing all the substantive allegations descriptive of the offense of assault with intent to kill. *Art. 2, Sec. 10, Const. 1874; Ib., Sec. 8; 36 Texas, 6; 5 Ind., 527; 30 Ala., 32; 49 N. H., 468; 11 Ga., 230; 15 Ark., 204; 4 Hawks, 356; 4 Jones, N. C., 290; Bish. Cr. Pro., Vol. II, Sec. 46; 92 U. S., 557; 7 · Peters, 142; 17 Wall., 174; 1 Arch. Cr. Pr. & Pl., 291.*

The Code has not changed the rule as to the certainty and clearness required in an indictment. *26 Ark., 323; 27 Id., 493; 34 Id., 263.*

The conviction cannot be good under the *sixth subdivision of Sec. 2289, Mansf. Dig.* There was no intention to make it applicable to "an assault with intent to murder," as defined by *Sec. 1567,* on an indictment for homicide. To say that the statute intended to make assault with intent to kill a degree of homicide is preposterous. "Assault with intent to kill" is a substantive offense, and can only exist when the act if consummated would be *murder.* It cannot be a degree of homicide, or exist or be included in it, because if the degree of homicide is justifiable or excusable, or is voluntary or involuntary manslaughter, the necessary elements do not exist. *52 Mich., 24; 4 Scam., 198; 43 Mich., 521; 17 Wall., 174; 9 Barb., 675; 23 Miss., 525; 11 Ark., 608.*

The jury could not recur to the first assault, for he was not indicted for that, and by their verdict they have found him justifiable in the latter, which resulted in death.

*Dan W. Jones*, Attorney General, for the State.

The indictment is a good Code indictment for murder in the second degree. Under an indictment for felony, a defendant may be convicted of a misdemeanor, where both offenses belong to the same general class where the higher may involve the lower crime, and the indictment contains the necessary allegations. *13 Ark., 712–16.* Under the criminal code adopted since the above decision, upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree included in that charged in the indictment. *Mansf. Dig., Secs. 2288, 2289, subd. 6.* An offense and an attempt to commit the offense are degrees of the same offense. *Ib.*

Appellant contends that the indictment fails to charge an assault. The word "assault" is not used, nor was it necessary. The charge of murder necessarily includes an assault. *2 Bish. Cr. Pro., Sec. 57.* All the elements of murder must conspire (except killing) to constitute the crime of assault with intent to murder, *8 Ark., 451*, and *vice versa* all the elements of an assault with intent to murder (of the kind charged in this case) are contained in the indictment for murder. Consequently such an assault is, under our statutes, *supra*, one of the degrees of murder, being "an attempt to commit the offense."

The two assaults were a continuing transaction, and while appellant might have been justly convicted of murder for provoking the difficulty, still the jury gave him the benefit of his conduct in endeavoring to avoid further difficulty, and only convicted him of the murderous assault which he admits was committed, and which he was called upon to defend as one of the degrees of the crime charged. *Green v. State, 38 Ark., 304.*

SMITH, J. Davis was convicted of an assault with intent to kill, upon an indictment which charges him with the murder of

one Adams, committed by shooting him with a gun, loaded with gunpowder and a leaden bullet. The bill of exceptions does not set out the testimony, but expressly admits that it was sufficient to prove the offense of which the jury found the defendant guilty. One of the directions to the jury was as follows:

"If you believe from the evidence that the defendant, in September, 1883, went to the office of the deceased, in Garland county, Arkansas, and there assaulted him with a deadly weapon, a loaded gun, by pointing it at him and demanding money, and did then shoot at the deceased with said gun, with intent to kill him, but that the shot, so fired by the defendant, missed the deceased, you will find the defendant guilty of an assault with intent to kill and murder, although you may find that the defendant, after firing such shot, really and in good faith abandoned the conflict, and retreated to a place of apparent safety, and there shot and killed the deceased, in order to save his own life, or to protect himself from great bodily injury."

And the court refused to charge that, under the indictment, the defendant could not be convicted of assault with intent to kill and murder.

Is the verdict responsive to the issue? Can a defendant, accused of murder, be convicted of an offense less than manslaughter, under any possible state of the proofs?

*Indictment for murder. Conviction for assault with intent to murder.*

It has been frequently decided that a person indicted for rape may be found guilty of an assault with intent to ravish, or of an assault and battery, or a simple assault. *Commonwealth v. Drum, 19 Pick., 479; Same v. Dean, 109 Mass., 349; State v. Johnson, 30 N. J. Law, 185; Prinderville v. People, 42 Ill., 217; Stephen v. State, 11 Ga., 225.*

In *State v. Scott, 24 Vt., 127,* a conviction of an assault and battery, upon an indictment for manslaughter, was sustained.

But a contrary result was reached in *Wright v. State, 5 Ind., 527*, where it is declared that, in a case of felonious homicide, the assault and battery are merged in the felony. See also, *People v. Adams, 52 Mich., 24*, to the effect that a criminal assault, resulting in death, is either murder or manslaughter, or else not punishable at all.

·In *McBride v. State, 7 Ark., 374*, the prisoner was indicted for biting off the ear of one Hubble, with intent to maim him. He was acquitted of the mayhem, but found guilty of an aggravated assault. The court said: "Every attempt to commit a felony against the person of individuals involves an assault. Prove an attempt to commit such felony, and prove it to have been done under such circumstances that, had the attempt succeeded, the defendant might have been convicted of the felony, and the party may be convicted of an assault with intent to commit such felony. If you fail in proving the intent, but prove the assault, the defendant may be convicted of the common assault."

In *Cameron v. State, 13 Ark., 712*, a party indicted for an assault with intent to kill was convicted of a simple assault. And it was held, Chief Justice Watkins delivering the opinion of the court, "that upon an indictment for a felony, the accused may be convicted of a misdemeanor, where both offenses belong to the same generic class, where the commission of the higher may involve the commission of the lower offense, and where the indictment for the higher offense contains all the substantive allegations necessary to let in proof of the misdemeanor."

It was admitted that the rule at common law was different, but it was said that the rule owed its origin to certain peculiarities of the English law, never adopted in this country, and was not applicable to our condition. These decisions were made without any special statute on the subject, but upon general principles of American law. And they have been frequently

followed. *Guest v. State, 19 Ark., 405; State v. Cryer, 20 Id., 64.*

But our code of criminal procedure, since enacted, contains the following provisions:

*Mansfield's Digest, Section 2288.* "Upon an indictment for an offense, consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment."

*Sec. 2289.* "The offenses named in each of the subdivisions of this section shall be deemed degrees of the same offense, in the meaning of the preceding section: First. All offenses of homicide. Second. All injuries to the person by maiming, wounding, beating and assaulting, whether malicious or from sudden passion, and whether attended or not with the intent to kill. . . . . Sixth. An offense and an attempt to commit the offense."

An assault with intent to kill, though a felony by our law, is not one of the degrees of homicide: but it is an attempt to commit murder, and is virtually included in every murder that is committed with violence. All the elements of murder, except the actual killing, must conspire to constitute the crime. *McCoy v. State, 8 Ark., 451; Cole v. State, 10 Id., 318; Lacefield v. State, 34 Id., 275.*

Accordingly, in *Stapp v. State, 3 Texas Court of Appeals, 138,* under similar statutory provisions, the accused was indicted and tried for murder, and convicted of an assault with intent to murder. The circumstances were that the deceased received from the accused a stab, which was probably, but not inevitably, fatal. Two days afterwards he died, but his death, according to the testimony, resulted solely from engorgement of the lungs, caused by drunkenness and exposure.

We, therefore, conclude that, following the analogies of previous decisions of this court, reinforced, as they are, by di-

Davis v. State.

rect provisions of the criminal code, if the proof fails to establish all the allegations of the indictment, so as to warrant a conviction of the offense presented, but at the same time shows the defendant is guilty of a substantial crime, necessarily contained in the terms of the indictment, he may be found guilty of the minor offense. Cases may readily be supposed where any other rule would operate to defeat justice; as, if the proof should show that the person alleged to have been murdered was not in reality dead, or that he died after the lapse of more than a year and a day, or from other causes than the wounds inflicted by the accused.

But this doctrine has its limits, one of which is that the indictment must contain all the substantive allegations necessary to let in proof of the inferior crime. *Childs v. State, 15 Ark., 204; Sweden v. State, 19 Id., 205; Bryant v. State, 41 Id., 359.*

The present indictment is in the abbreviated Code form, and does not in terms charge an assault upon the person of Adams, as the common law form does. Yet, as it sufficiently charges murder in the second degree, and as the offense for which the prisoner was convicted is necessarily included in that charged, it may suffice for the purpose, though there be no words specifically designating the offense so included.

Identity of offense.

Another limitation upon the doctrine of convicting for a lower offense, upon an indictment charging a higher one of the same class, is the duty of the State to prove the identity of the two offenses. A conviction cannot be had upon evidence of another offense of the same kind, committed on the same day, but not identical with it. *Commonwealth v. Blood, 4 Gray, 31; Same v. Dean, 109 Mass., 349.*

The charge of the court implies that there was evidence of two distinct assaults—one unsuccessful, the defendant having missed his aim; and that he then withdrew from the conflict and retired in good faith to a place of apparent security, whither-

Davis v. State.

he was pursued by Adams, and was there attacked in a manner to endanger his life, or menace him with great bodily harm, and that in defending himself he took the life of Adams. We are not advised of the interval of time that separated the two assaults, but we infer they did not constitute one continuous transaction, although they were doubtless so closely connected that the first assault was the cause of Adams' pursuit.

Now, it was the last assault committed by the defendant, which resulted in the death of Adams, that was the subject of this indictment. But from all guilt in the making of this assault, the jury, by their verdict, have absolved the defendant. They have said that it was done in necessary self-defense, and was therefore justifiable. But they have recurred to the original attack upon Adams, which was not the ground of accusation and upon which no issue was joined, and have declared that it was murderous in design, notwithstanding it failed of execution.

The defendant has been acquitted of the felonious homicide. The verdict finding him guilty of assault with intent to kill, if intended to apply to the later assault, in the course of which Adams lost his life, is not reconcilable with common sense; for that was either murder, or manslaughter, or justifiable or excusable homicide. If it was meant to apply to a previous unsuccessful attempt to take the life of Adams, that was not the offense for which the prisoner was on trial. Doubtless he was, and still is, amenable to prosecution and punishment for that assault; but he must be indicted for it.

Judgment reversed, and cause remanded, with directions that the defendant is not bound by the laws of the land to answer further to the present indictment, but he is to be held to await the action of the next grand jury of Garland county upon his case. And in the meantime he may be admitted to bail upon the execution of a bond in the sum of $1500, with security to the satisfaction of the sheriff of Garland county, conditioned

to appear and answer any new indictment that may be found against him for assault with intent to kill the said Adams.