STATE, DEFENDANT IN ERROR, v. HENRY THOMAS, PLAINTIFF IN ERROR.

Argued December 6, 1900—Decided March 4, 1901.

On an indictment for manslaughter, framed under section 36 of the Criminal Procedure act (*Pamph L.* 1898, *p.* 866), which charged only that the defendant did "feloniously kill and slay" the deceased, a conviction for assault and battery cannot be supported.

---

On error to the Supreme Court. The opinion of the Supreme Court is reported in 35 *Vroom* 532.

For the state, *Chandler W. Riker,* prosecutor of the pleas.

For the plaintiff in error, *Thomas S. Henry.*

The opinion of the court was delivered by

DIXON, J. The defendant below was indicted for man-slaughter, the indictment charging, in the words of section 36 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 866), that he did feloniously kill and slay M. F. C. On trial in the Essex Quarter Sessions he was convicted of assault and battery, and on error to the Supreme Court the judgment was affirmed.

The principal question in the case now is, whether, on such an indictment, a judgment for assault and battery can be sustained.

At common law manslaughter was a felony (4 *Bl. Com.* 193), while assault and battery was only a misdemeanor, and on trial for a felony it seems the prisoner could not be convicted of a misdemeanor. *Rex* v. *Westbeer, Str.* 1133, 1137. The reason for this rule of procedure was that certain rights, enjoyed by a defendant on trial for a misdemeanor, were denied to one accused of felony. As the reason does not exist in New Jersey, the rule does not here prevail. *State* v. *Johnson,* 1 *Vroom* 185.

But while it is now well settled that on trial for a common law felony the defendant may be convicted of a misdemeanor, it is equally clear that he cannot be legally convicted of any offence which is not distinctly set forth in the indictment. As was said in the case just cited, where the Supreme Court laid down a rule which was thought best to promote the public good and at the same time deprive parties of no substantial right: "The interests of public justice require that, when an offence *clearly and distinctly charged in the indictment* is made out by the evidence, the defendant should not be acquitted. * * * When the offence is *charged* and proved, there can be no surprise upon the defendant." "A party indicted for a crime may be convicted of any offence of a lower grade, provided such lower offence is included within the *description in the indictment.*"

These expressions are in harmony with our constitutional bill of rights, that in all criminal prosecutions the accused shall have the right to be informed of the nature and cause

of the accusation, a provision similar to that which the Supreme Court of Massachusetts declared to be only "an affirmation of the ancient rule of the common law, that no one shall be held to answer to an indictment or information unless the crime with which it is intended to charge him is set forth with precision and fullness." *Commonwealth* v. *Blood,* 4 *Gray* 31.

It is urged that the word "slay" imports a killing by direct personal violence, and hence includes assault and battery. But under our statute the formula "did feloniously kill and slay" charges manslaughter of either voluntary or involuntary character, and involuntary manslaughter may be committed without criminal assault and battery. Thus, in *State* v. *O'Brien,* 3 *Vroom* 169, the defendant was convicted of manslaughter for failing to perform his duty as switch-tender of a railroad, in consequence whereof a train ran off the track and a passenger was killed; and the Supreme Court adjudged that his conviction was legal, even though his will had not concurred in his omission of duty. Certainly, if death had not ensued from his negligence, but only personal injury, a charge of criminal assault and battery could not have been sustained.

Hence the most that can be said of the present indictment on this point is, that it charges an offence of which assault and battery may or may not be an ingredient. Such an accusation does not distinctly and precisely inform the accused that he is charged with this lower misdemeanor, as is required by the authorities cited. At best, the charge is equivocal and inferential only.

The judgment should be reversed.

*For affirmance*—KRUEGER.    1.

*For reversal*—DIXON, COLLINS, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES.    8.