STATE v. FANNY MYRICK.

(Filed 4 May, 1932.)

1. **Criminal Law D b: F e—Magistrate has original jurisdiction of simple assault and on appeal from acquittal plea of former jeopardy is good.**

A warrant of a justice of the peace charging the defendant with an assault upon the prosecuting witnesses by kicking, choking and rocking them, without inflicting serious injury, is only for a simple assault, and the magistrate has exclusive original jurisdiction thereof, and his judgment acquitting the defendant is final, Constitution, Art. IV, sec. 27; C. S., 1481, 4215, and the State may not appeal therefrom, C. S., 4649, and where, upon the defendant's appeal from the magistrate's order to give a peace bond, the magistrate requires the defendant to give bond for her appearance in the Superior Court, the defendant's plea of former jeopardy in the latter court is good, and where the defendant's plea has been overruled and she has been convicted of an assault with a deadly weapon, the judgment will be reversed on appeal.

2. **Breach of the Peace B a—Statutory procedure must be observed in order to place defendant under a peace bond.**

Where a justice of the peace has acquitted the defendant upon a warrant charging only a simple assault, he is without authority to put the defendant under a peace bond unless the statutory procedure relating thereto has been complied with.

3. **Indictment A b—Magistrate can only bind over defendant charged with felony, and Superior Court may proceed only upon indictment.**

A justice of the peace has no jurisdiction of an assault with a deadly weapon except to bind the defendant over, and the Superior Court may proceed to trial only upon indictment duly found and returned, Art. I, sec. 12, the words in section 12 "except as hereinafter allowed" referring to the latter clause of section 13 relating to trial of petty misdemeanors

and not to an assault with a deadly weapon, and where, over the objection of the defendant, the Superior Court proceeds to trial on the magistrate's warrant without an indictment, and the defendant is convicted of an assault with a deadly weapon and sentenced to three months in jail, to be suspended upon the payment of a fine and costs, the judgment will be reversed on appeal, and where the defendant has been acquitted of a simple assault in the magistrate's court she should be discharged.

APPEAL by defendant from *Moore, J.,* at December Term, 1931, of BURKE. Reversed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*S. J. Ervin and S. J. Ervin, Jr., for defendant.*

ADAMS, J. The defendant was prosecuted before a justice of the peace upon a warrant in which it was charged that she "did unlawfully and wilfully assault Clyde Stamey and Ned Stamey and Minnie Stamey and Margaret Stamey by kicking and choking and rocking them, contrary to the form of the statute and against the peace and dignity of the State." The magistrate adjudged the defendant not guilty of the offense charged in the warrant but ordered her to give a bond in the sum of $250 to keep the peace. Upon her giving notice of appeal from this order the magistrate required her to execute a justified bond in the same amount to secure her appearance at the ensuing term of the Superior Court.

At the December Term of 1931 her appeal came on for hearing and she was tried on the warrant upon which she had been adjudged not guilty. Before pleading she objected to being placed on trial for an assault upon the magistrate's warrant and excepted to any further proceeding. When her objection was overruled she entered two pleas—not guilty and former acquittal. She was then tried and convicted of an assault with a deadly weapon. "Whereupon, it was adjudged by the court that the defendant, Fanny Myrick, be confined in the common jail of Burke County for a term of three months. This judgment suspended upon the condition that the defendant pay a fine of twenty-five dollars and the costs at the February Term, 1932, of the Superior Court of Burke County. It was further ordered that the defendant give a bond with sureties in the sum of $250 to keep the peace."

The appellant's exceptions relate to the action of the court in trying the defendant on the magistrate's warrant for an assault with a deadly weapon, in imposing judgment upon her conviction of this offense, and in requiring the execution of a bond to keep the peace. The exceptions raise three questions: (a) whether the warrant charges an assault with

a deadly weapon; (b) whether the defendant could be tried and convicted upon such a charge without the return by the grand jury of a bill of indictment; and (c) whether the order that she give a bond with sureties is valid. No indictment was returned, and the defendant was tried, convicted, and sentenced upon the warrant issued by the justice of the peace.

The defendant contends that the warrant does not contain allegations sufficient to constitute an assault with a deadly weapon and the Attorney-General concedes the soundness of this position. *S. v. Moore,* 82 N. C., 660; *S. v. Russell,* 91 N. C., 624; *S. v. Cunningham,* 94 N. C., 824; *S. v. Porter,* 101 N. C., 713. There is no suggestion that serious injury was inflicted. *S. v. Earnest,* 98 N. C., 740; *S. v. McLamb,* 188 N. C., 803. If the warrant charged a simple assault the justice of the peace had exclusive original jurisdiction and his acquittal of the defendant was final. Constitution, Art. IV, sec. 27; C. S., 1481, 4215. From his judgment the State had no right of appeal. C. S., 4649.

If the warrant charged an assault with a deadly weapon the State would be in no better plight. In Article I, section 12, the Constitution has the following declaration of rights: "No person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment, or impeachment." And in section 13: "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal."

The phrase "except as hereinafter allowed" in section 12 refers to the latter clause of section thirteen. *S. v. Crook,* 91 N. C., 536. A crime not punishable by death or imprisonment in the State's prison is a misdemeanor; but in *S. v. Barker,* 107 N. C., 913, a petty misdemeanor is defined as one the punishment of which cannot exceed a fine of fifty dollars or imprisonment for thirty days. An assault with a deadly weapon is punishable by fine or imprisonment or both in the discretion of the court. If this offense had been charged the magistrate would have had no jurisdiction except to bind over and the Superior Court could proceed to trial only upon a bill of indictment duly found and returned. *S. v. McAden,* 162 N. C., 575. The defendant did not waive a bill by consent of her counsel upon entering a submission or plea of *nolo contendere,* as provided in section 4610 of the Consolidated Statutes.

It follows that in no view of the case can we sustain the judgment of imprisonment in the county jail for a term of three months. It is no less conclusive that the order requiring the defendant to give security

to keep the peace is without warrant of law. No written complaint was made on oath that the defendant had threatened to commit any offense against the person or property of another, no examination was had, and no peace warrant was issued. Indeed, there was a complete failure to observe the several statutes which are designed to preserve the public peace. *S. v. Cooley,* 78 N. C., 538; *S. v. Goram,* 83 N. C., 664.

The judgment of Superior Court is reversed both as to the warrant and as to the order to give security for the preservation of the peace. The defendant will be discharged.

Reversed.