STATE v. ONSLOW WILSON RORIE.

(Filed 18 May, 1960.)

**Homicide § 30: Assault and Battery § 17: Indictment and Warrant § 18—**
    A statutory indictment for manslaughter which contains no aver-
    ment that the manslaughter was committed by an assault, and no in-
    dependent charge of assault and battery or assault with a deadly weapon,
    is insufficient to support a conviction of an assault with a deadly weapon,
    since the lesser offense is not necessarily included in the charge of the
    graver offense. G.S. 15-170.

APPEAL by defendant from *Phillips, J.,* January Regular "A" Term,
1960, of HOKE.

The defendant was tried upon a bill of indictment, charging that
the defendant, Onslow Wilson Rorie, late of the County of Hoke, on
or about the 22nd day of August 1959, "unlawfully, wilfully and fel-
oniously did kill and slay one Milton Roper against the form of the
statute in such case made and provided and against the peace and
dignity of the State."

The evidence tends to show that the defendant is a man 64 years
of age, five feet nine inches tall and weighed 150 pounds; that he
operated a country store and filling station at a place called Five
Points, in Hoke County, some ten miles from Raeford. Farm work-
ers in the area gathered at the store and purchased bologna, bread,
and other prepared items, including cold drinks, for lunch. The de-
fendant and his wife lived in the rear of the store. On the morning of
21 August 1959, Milton Roper, who was approximately six feet tall,
weighed 170 pounds and was 42 years of age, and who lived in the
area came to the store and filling station of the defendant in a drunk-
en condition and was ordered to leave. Later in the day, about noon,
he returned and there were about twelve or fifteen customers in the
store. His condition was such that most of the customers immediately
left. One of the customers who remained in the store was purchasing
bologna which the defendant was slicing at the time. The deceased
grabbed a slice of bologna and the defendant ordered him out of the
store, but gave him the slice of meat he had handled. The defendant
obtained another "stick of bologna" and began slicing it for the cus-
tomer and the deceased again grabbed these slices. The defendant
again ordered Roper to leave and when he did not do so the defendant
went into an adjoining room and returned with a tire tool or rubber
hammer. Upon his return, the deceased was muttering something,
holding the meat in one hand and with his other fist balled up. The
defendant testified, "I didn't know whether he was knocking at me,
trying to grab the hammer, or what; he was fighting toward me." The

defendant, according to his own testimony, hit the deceased on the top of the head, knocking him to a sitting position. The deceased got up, walked out of the store and, as he stepped from the door, staggered and fell against the concrete platform upon which the gasoline tanks were located. In a few minutes he was carried in the direction of his home and died some 36 hours later in the Moore County Hospital.

Marilyn Locklear, who was in the store at the time, testified that after the deceased took some meat a second time, the defendant went out of the store and picked up a tire tool or piece of iron and returned holding it in both hands; that he struck the deceased on the side or back of the head; that the deceased fell to the floor but later got up and staggered out of the store and fell in front of the store, near the gasoline pumps.

The jury returned a verdict of "guilty of assault with a deadly weapon."

From the judgment imposed, the defendant appeals, assigning error.

*Attorney General Bruton, Assistant Attorney General Moody for the State.*

*Charles Hostetler; Nance, Barrington & Collier for defendant.*

DENNY, J. The defendant's first assignment of error raises this question: Is a verdict of assault with a deadly weapon supported by a statutory indictment for manslaughter which fails to allege that a homicide was committed by means of an assault and battery or assault with a deadly weapon?

It seems that the exact question now before us has not heretofore been decided by this Court. See concurring opinion in the case of *S. v. Watkins*, 200 N.C. 692, 158 S.E. 393.

It is provided in G.S. 15-169: "On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding, and when such verdict is found the court shall have power to imprison the person so found guilty of an assault, for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character."

It is likewise provided in G.S. 15-170, as follows: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to com-

mit the crime so charged, or of an attempt to commit a less degree of the same crime."

Notwithstanding the provisions of the above statutes, when it is sought to fall back on the lesser offense of assault and battery or assault with a deadly weapon, in case the greater offense, murder or manslaughter, is not made out, the indictment for murder should be so drawn as necessarily to include an assault and battery or assault with a deadly weapon, or it should contain a separate count to that effect. Re McLeod, 23 Idaho 257, 128 P. 1106, 43 L.R.A. (N.S.) 813; *Watson v. State,* 116 Ga. 607, 43 S.E. 32, 21 L.R.A. (N.S.) 1; *Scott v. State,* 60 Miss. 268 (1882); *Cates v. Com.,* 111 Va. 837, 69 S.E. 520, 44 L.R.A. (N.S.) 1047; *People v. Schleiman,* 197 N.Y. 383, 90 N.E. 950; *Bell v. State,* 149 Miss. 745, 115 So. 896; *S. v. Thomas,* 65 N.J.L. 598, 48 A. 1007; *Reynolds v. People,* 83 Ill. 479, 25 Am. Rep. 410; *S. v. Gibler,* 182 Kan. 578, 322 P. 2d 829; 27 Am. Jur., Indictments and Informations, section 194, page 738, *et seq.;* 42 C.J.S., Indictments and Informations, section 289, page 1317, *et seq.;* Wharton's Criminal Law and Procedure, volume 4, section 1799, page 631.

It is stated in 27 Am. Jur., section 194: "It is a well-established, general rule that when an indictment charges an offense which includes within it another, lesser offense, or one of a lower degree, the defendant, although acquitted of the higher offense, may be convicted of the lesser, or he may be convicted of the major offense without regard to the minor one. This rule is embodied in the statutes in many jurisdictions. The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense. If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

It is likewise said in Wharton's Criminal Law and Procedure, above cited, "It is the common-law rule that when an indictment charges an offense which includes within it another lesser offense, or one of a lower degree of the same general class, the accused, although acquitted of the higher offense, may be convicted of the lesser. It is also the rule, both at common law and under the statutes of many of the states, that an indictment or information is insufficient to charge the accused with the commission of a minor offense, or one of less degree,

unless, in charging the major offense, it necessarily includes within itself all of the essential elements of the minor offense, or sufficiently sets them forth by separate allegations in an added count, but that when the indictment or information contains all the essential constituents of the minor offense, it sufficiently alleges that offense. * * *"

It must be conceded that the form of indictment under consideration charges an offense of which assault with a deadly weapon may or may not be an ingredient. *S. v. Thomas, supra.* It does not set out manslaughter by assault and it is certainly insufficient to cover assault and battery or assault with a deadly weapon as an independent charge, separate and apart from the charge of manslaughter. *People v. Adams,* 52 Mich. 24, 17 N.W. 226. Moreover, involuntary manslaughter may be committed without the deceased being assaulted, as for example, where a homicide occurs as result of some negligent or culpable omission of duty. *S. v. Watkins, supra; S. v. Rountree,* 181 N.C. 535, 106 S.E. 669; *S. v. McIver,* 175 N.C. 761, 94 S.E. 682.

Where it is charged that an assault has been made with a deadly weapon, the character of the weapon must be averred. *S. v. Moore,* 82 N.C. 659; *S. v. Russell,* 91 N.C. 624; *S. v. Cunningham,* 94 N.C. 824; *S. v. Porter,* 101 N.C. 713, 7 S.E. 902; *S. v. Myrick,* 202 N.C. 688, 163 S.E. 803.

In view of the authorities cited herein, we are of the opinion that the bill of indictment in the present case is insufficient to support a verdict of assault with a deadly weapon, and we so hold.

In light of the conclusion we have reached, it is unnecessary to discuss the other assignments of error. They may not arise on another hearing.

The verdict below is set aside and the judgment arrested to the end that the solicitor may obtain an appropriate bill of indictment and try the defendant thereon if he so elects.

Judgment arrested.