State v. Davis

STATE OF NORTH CAROLINA v. THOMAS EUGENE DAVIS

No. 801SC133

(Filed 19 August 1980)

1. **Receiving Stolen Goods § 2– indictment for receiving stolen goods – conviction of possession of stolen goods**

    A defendant indicted for feloniously receiving stolen goods in violation of G.S. 14-71 could properly be convicted of felonious possession of stolen goods in violation of G.S. 14-71.1, since the crime of possession of stolen goods is included in the crime of receiving stolen goods.

2. **Criminal Law §§ 23, 79.1– jury informed by court about codefendants' guilty pleas – no prejudice to defendant**

    The trial court did not err in advising the jury during the trial that defendant's two codefendants had withdrawn their not guilty pleas and entered pleas of guilty where there is nothing in the record indicating prejudice to defendant, and where defendant failed to object or to request a mistrial or instructions to the jury.

3. **Criminal Law § 75.15– statements while intoxicated**

    Statements made by defendant to an officer were not inadmissible on the ground defendant was intoxicated where the evidence did not show that defendant was so drunk as to be unconscious of the meaning of his words.

Judge VAUGHN dissenting.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 2 October 1979, Superior Court, GATES County. Heard in the Court of Appeals 10 June 1980.

Defendant was charged, by indictment proper in form, with breaking and entering and larceny, and receiving property knowing it to have been feloniously stolen. After the jury was empanelled and at a time when the jury was in the courtroom, the court announced that two co-defendants had withdrawn their not guilty pleas and entered pleas of guilty. Thereafter the State announced that as to defendant Davis, it would proceed "upon the theory of the third count of the bill of indictment, that being the theory of receiving stolen goods knowing them to be stolen," a violation of G.S. 14-71.1. The court instructed the jury that defendant was charged with "possession of property which was feloniously taken, which is possessing property which the defendant knew or had reasonable grounds

to believe had been stolen as a result of a breaking and entering." The jury was given as possible verdicts "(1) Guilty of possession of property feloniously stolen; or (2) not guilty." Defendant was convicted of possession of property feloniously stolen and appeals from the judgment entered on the verdict.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Hopkins and Allen, by Grover Prevatte Hopkins, for defendant appellant.*

MORRIS, Chief Judge.

The evidence, briefly summarized, tended to show that defendant was in the company of co-defendants Green and Duff and was first observed by Officer McLawhorn sitting in a car parked near a laundromat. The officer observed defendant leave the car and return to the car "in a staggering motion." The officer moved to a better vantage point behind some hedges and watched Green and Duff take tires from the back of the laundromat and put them in the car in which defendant remained seated in the middle of the front seat, sometimes leaning over and sometimes sitting up straight. Green and Duff got in the car with defendant still seated in the middle of the front seat, and they drove off. The officer stopped the car and arrested Duff and defendant. Green ran. Defendant was intoxicated but not drunk, according to the officer. According to defendant, he was drunk and remembered very little about his companions putting the tires in the car.

[1] He was convicted of *possession* of property feloniously stolen, a violation of G.S. 14-71.1, an offense with which he was not charged, the indictment having charged him with receiving stolen goods, a violation of G.S. 14-71. This, defendant argues, is error requiring arrest of judgment. We do not agree.

G.S. 14-71 and G.S. 14-71.1 are identical in language except that the word "possess" is substituted in G.S. 14-71.1 for the word "receive" in G.S. 14-71. In *State v. Kelly*, 39 N.C. App. 246, 248, 249 S.E. 2d 832, 833 (1978), we said:

> While it is true that a defendant cannot be convicted of *receiving* stolen property which he has stolen himself, such is not the case in a charge of *possession* of stolen property. The concept of "receiving" involves someone other than defendant stealing the property and then transferring possession of it to the defendant. A defendant cannot "receive" property from himself.

While all of the elements of receiving are not present in a charge of possessing, the converse is not true. Clearly all the elements of possession *are* present in the charge of receiving. G.S. 15-170 provides that a defendant, upon the trial of any indictment, may be convicted of the crime charged in the indictment "or of a less degree of the same crime .... "

> A defendant brought to trial under an indictment, proper in form, may, if the evidence so warrants and the trial is free from error, be properly convicted of the offense charged in the indictment or of a lesser offense all of the elements of which are included in the offense charged in the indictment and all of which elements can be proved by proof of the allegations of fact contained in the indictment. G.S. 15-170; *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535; *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44; *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233. See also: 41 AM.JUR. 2d, Indictment and Information, § 313; Wharton, Criminal Law and Procedure, § 1799.

*State v. Aiken,* 286 N.C. 202, 205, 209 S.E. 2d 763, 765 (1974), and cases there cited; *State v. Craig,* 35 N.C. App. 547, 241 S.E. 2d 704 (1978).

We are of the opinion that the crime of possession of stolen goods (G.S. 14-71.1) is included in the crime of receiving stolen goods (G.S. 14-71) and the court properly submitted that offense to the jury.

[2] It appears from the record that during a court recess, two co-defendants withdrew their pleas of not guilty and entered guilty pleas. After the jury returned to the courtroom, the judge so advised the jury. Defendant, on appeal, assigns this as error.

State v. Davis

It is accepted procedure in criminal courts to allow a defendant to enter a guilty plea at any time the court is in session. Frequently, where a defendant is being tried with co-defendants, one or more defendants may withdraw a not guilty plea and enter a guilty plea — to the offense charged or another offense. "The Court, however, should be careful to see that such practice works no undue prejudice to another party on trial, (citations omitted.)" *State v. Bryant*, 236 N.C. 745, 747, 73 S.E. 2d 791, 792 (1953). *See also State v. Kerley*, 246 N.C. 157, 97 S.E. 2d 876 (1957). Here there is absolutely nothing in the record indicating prejudice to defendant. Indeed, he made no motion for a mistrial, nor request for instructions to the jury, nor did he interpose any objection of any kind. Ordinarily, the court will not consider questions not properly presented by objections duly made at trial and exceptions duly taken thereto assigned as error. *Koury v. Follo*, 272 N.C. 366, 158 S.E. 2d 548 (1968). Even if this question were properly before us, and it is not, the record discloses no prejudice to defendant.

[3] Defendant also assigns error to the admission of certain statements made while intoxicated on the ground that he knowingly could not have made the statements. Defendant testified that he was drunk when the offense occurred. The arresting officer testified that he obviously had been drinking, but was aware of what was going on, talked coherently, was not confused, and understood the questions asked. The court found as a fact that the statement made by defendant was made freely, voluntarily and intelligently after a free and intelligent waiver of his constitutional rights. A highway patrolman testified that he observed defendant and that he probably would have blown .15% on the breathalyzer. Defendant concedes that the law on this question is set forth in *State v. Logner*, 266 N.C. 238, 145 S.E. 2d 867, *cert. denied*, 384 U.S. 1013, 16 L. Ed. 2d 1032, 86 S. Ct. 1983 (1966), that unless a defendant "is so drunk as to be unconscious of the meaning of his words" his intoxication does not render his statement inadmissible. He urges, however, that we overrule the prior decisions and adopt a standard similar to that used in cases involving the operation of a motor vehicle. We are in thorough accord with *Logner* and are, of course, bound by it.

Finally defendant assigns error to the charge of the court with respect to constructive possession. The charge of the court clearly apprised the jury of the law with respect to actual and constructive possession. The jury could not have been misled.

In defendant's trial we find

No error.

Judge WELLS concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting:

Although I think there is considerable merit in the logic of my colleagues, I must, with some misgiving, dissent. Defendant was arraigned and tried on a bill of indictment charging him with a violation of G.S. 14-71. He was convicted of violating a separate statute, G.S. 14-71.1. He stands, consequently, convicted of a statutory crime with which he was not charged. Every defendant is entitled to be informed of the accusation against him and be tried accordingly. Certainly he should be advised of the statute he is alleged to have violated. We are not faced with common law crimes, but with two separate criminal statutes proscribing different conduct. The punishment prescribed for violating the statutes is identical. Neither crime is a crime of a lower degree than the other. They are not the same offenses in law as well as fact. Receiving stolen goods and possessing them are component transactions in violation of distinct statutory provisions making them crimes. It seems that if the General Assembly had intended the result reached by the majority when, in 1977, it enacted G.S. 14-71.1, it would have simply amended G.S. 14-71 by striking the words "receive" and "received" and inserting in lieu thereof the words "possess" and "possessor." It did not do this and has not seen fit to repeal G.S. 14-71 since G.S. 14-71 was enacted. It also seems to me that the reasoning of the majority would permit a conviction under G.S. 14-71.1, the "possession" statute, on an indictment charging only larceny on the premise that all the elements of "possession" are present in the indictment for larceny because

clearly one cannot steal another's property and carry it away without possessing it with knowledge that it had been stolen.

For the reasons stated, I would arrest judgment.