James H. **TRIPP**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20525.

United States Court of Appeals
Ninth Circuit.

July 27, 1967.

Rehearing Denied Sept. 14, 1967.

William A. Dougherty, Ackerman & Dougherty, Santa Ana, Cal., for appellant.

William M. Byrne, Jr., U. S. Atty., Robert M. Talcott, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG, BROWNING, and ELY, Circuit Judges.

BROWNING, Circuit Judge:

Appellant James H. Tripp was convicted on twenty-two counts of a twenty-six count indictment charging violations of 18 U.S.C. §§ 2, 371, and 1010 (1964). The government alleged that Tripp and an unindicted individual engaged in a conspiracy to defraud the Federal Housing Administration, and that Tripp submitted false documents to the FHA designed to influence it to accept and guarantee loans and mortgages on Tripp-constructed houses.

■ The government based a separate count on each false document even where several of the documents were submitted in support of a single application. Of course such counts were not "duplicitous," as appellant urged, for duplicity is the charging of several separate offenses in a single count. It is rarely prejudicial. More to the point, such counts did not split a single statutory offense into multiple charges, for under 18 U.S.C. § 1010 (1964) "[t]he filing of each false document would constitute a crime." Bins v. United States, 331 F.2d 390, 393 (5th Cir. 1964). Cf. United States v. Private Brands, Inc., 250 F.2d 554, 557 (2d Cir. 1957).

■■ Counts Four and Twenty-four, each alleging that appellant made, uttered, and published a document containing false statements "for the purpose of influencing the action of the Federal Housing Administration," are not defective because they do not *also* allege that appellant acted "for the purpose of obtaining any loan or advance of credit * * * with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance." The statute is in the disjunctive; either purpose is enough. The allegation in counts Sixteen, Seventeen, and Nineteen that appellant "knew" the statements to be false, serves as well as an allegation that he acted "knowingly." Each of the challenged counts of the indictment alleged all of the essential elements of the offenses under 18 U.S.C. § 1010 "and identified the particular conduct upon which the charge was based to the extent necessary to protect appellant from double jeopardy and to tell him what he must be prepared to meet." Rivera v. United States, 318 F.2d 606, 607 (9th Cir. 1963).

■■ The court properly denied appellant's motions to strike the testimony of the witnesses Cardona, Galbreath, Rosemond, and Branum. The contention that their testimony was vague and uncertain goes only to its weight. The contention that their testimony relates to appellant's conduct after the alleged conspiracy had ended misses the point: evidence of appellant's efforts to induce home buyers to conceal the facts from federal investigators was admissible against appellant in proof of his guilty knowledge.

■ Appellant did not object to the testimony of his co-conspirator that he had pleaded guilty; we do not consider the claim of error.

■ Appellant's challenge to the sufficiency of the evidence is frivolous; proof of his guilt was overwhelming.

The prosecutor's summation contained no prejudicial error.

Affirmed.