COMMONWEALTH vs. VIRGILIO BARBOSA.

Suffolk. October 5, 1995. - December 18, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, GREANEY, & FRIED, JJ.

*Grand Jury. Practice, Criminal*, Indictment, Instructions to jury. *Constitutional Law*, Grand jury, Indictment. *Error, Harmless. Evidence*, Expert opinion. *Witness*, Expert.

In a criminal case in which the grand jury were presented with evidence of the defendant's engaging in two separate transactions each constituting distribution of cocaine but returned only one unspecified count of distribution in the indictment and in which at trial the prosecution presented evidence of both transactions, there was a substantial risk that the jury convicted the defendant of a crime for which he was not indicted, in violation of art. 12 of the Declaration of Rights of the Massachusetts Constitution; where jury instructions, even as to specific unanimity, could not cure the constitutional error in the indictment, the conviction was reversed and the indictment was ordered dismissed. [549-554]

Error at a criminal trial in the admission of testimony of a police officer that, in his opinion, the defendant had been involved in the sale of a controlled substance was not prejudicial in light of the strength of the Commonwealth's case. [554-555]

INDICTMENTS found and returned in the Superior Court Department on March 13, 1992, and May 20, 1992, respectively.

The cases were tried before *Judith A. Cowin*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Benjamin H. Keehn*, Committee for Public Counsel Services, for the defendant.

*Stephen D. Fuller*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant appeals from his convictions of distribution of cocaine, possession of cocaine with intent to

distribute, and distribution of cocaine within a school zone, in violation of G. L. c. 94C, §§ 32A, 32J (1994 ed.). On appeal, he argues first that he may have been convicted of a crime for which he was not indicted, in violation of art. 12 of the Declaration of Rights of the Massachusetts Constitution, and that the trial judge erred by admitting improper expert testimony. We transferred the case here on our own initiative and now affirm in part and reverse in part.

On March 16, 1992, Boston police officers observed an automobile pull up to a corner where the defendant was standing. The man driving the automobile handed money to the defendant in exchange for an object which the defendant removed from his mouth. The driver then put the object in his pocket and drove away. Officers later stopped the driver and seized crack cocaine from his pocket. About fifteen minutes later, officers observed a woman approach the defendant. She also exchanged money for an object which the defendant had removed from his mouth. Following this exchange, police stopped the buyer and seized two pieces of crack cocaine from her coat pocket. The defendant was arrested shortly thereafter.

A Suffolk County grand jury indicted the defendant for: one count of distribution of cocaine; one count of distribution of cocaine within a school zone; and one count of possession of cocaine with intent to distribute.[1] Count one of this indictment (no. 92-10977) referred to the date of the incident, but did not include any specific allegations about the time of the incident or the name of the buyer. There was no indication that count one of the indictment was intended to include more than one act of distribution.[2]

---

[1]A grand jury had previously issued a four-count indictment against the defendant for events occurring on January 24, 1992 (distribution of cocaine and distribution of cocaine within a school zone), and February 6, 1992 (possession of cocaine with intent to distribute and possession of cocaine with intent to distribute within a school zone). The indictment was no. 92-10524. The indictments were tried together.

[2]Count one of the indictment no. 92-10977 states in relevant part: "The JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that VIRGILIO BARBOZA [*sic*], on March 16, 1992,

Following issuance of the indictment, the defendant moved to dismiss on the basis of duplicity. The judge denied the motion. At trial, over the defendant's objection, the Commonwealth was allowed to present evidence of both March 16 transactions to the jury. As part of its case, the Commonwealth presented expert testimony from Officer Andrew Garvey. Officer Garvey testified that, based on his observations, "[t]here was no doubt" that the defendant was engaged in selling crack cocaine on January 24, 1992, and March 16, 1992. The jury found the defendant guilty of distributing cocaine as set out in the indictments in general verdicts.

The defendant argues that the conviction for distributing cocaine on March 16, 1992, violated the requirement of art. 12 that punishment for "infamous crimes" only be imposed after indictment by a grand jury. We agree.

Article 12[3] requires that no one may be convicted of a crime punishable by a term in the State prison without first being indicted for that crime by a grand jury. See *Brown* v. *Commissioner of Correction*, 394 Mass. 89, 92 (1985); *Jones* v. *Robbins*, 8 Gray 329, 347-349 (1857). Accord *Ex parte Bain*, 121 U.S. 1 (1887) (Federal Constitution). See generally Wilkins, Judicial Treatment of the Massachusetts Decla-

---

not being authorized by Chapter 94C of the General Laws of Massachusetts, did unlawfully, knowingly and intentionally distribute a certain controlled substance, to wit: cocaine, a derivative of coca leaves, a Class B controlled substance under the provisions of Section 31 of said Chapter 94C, in violation of Chapter 94C, Section 32A(c). A TRUE BILL."

[3]Article 12 of the Declaration of Rights of the Massachusetts Constitution provides:

"No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself. And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election. And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty or estate, but by the judgment of his peers, or the law of the land. And the legislature shall not make any law, that shall subject any person to a capital or infamous punishment, excepting for the government of the army and navy, without trial by jury."

ration of Rights in Relation to Cognate Provisions of the United States Constitution, 14 Suffolk U.L. Rev. 887, 924 (1980). As Chief Justice Shaw explained in *Jones* v. *Robbins, supra* at 344:

> "The right of individual citizens to be secure from an open and public accusation of crime, and from the trouble, expense and anxiety of a public trial, before a probable cause is established by the presentment and indictment of a grand jury, in case of high offences, is justly regarded as one of the securities to the innocent against hasty, malicious and oppressive public prosecutions, and as one of the ancient immunities and privileges of English liberty."

Here, the grand jury were presented with evidence of two separate transactions on March 16 — each of which constituted a "distribution" of cocaine[4] — and yet returned only one count. The result may be explained one of two ways. First, the grand jury may have found probable cause to indict the defendant for one of the March 16 transactions, but not the other. Second, they may have intended the indictment to encompass both transactions.

The statutory scheme set out in G. L. c. 277 (1994 ed.) provides some guidance in interpreting an ambiguous indictment. We are required by G. L. c. 277, § 20, to presume "[a]ll allegations of the indictment shall, unless otherwise stated, be considered to refer to the same time and place." This is not a case in which the indictment alleges alternative means of committing the same crime, cf. G. L. c. 277, § 31,[5]

---

[4]"Distribute" is defined by G. L. c. 94C, § 1 (1994 ed.), as "to deliver." "Deliver" is defined in relevant part: "to transfer . . . a controlled substance from one person to another." *Id.* See Black's Law Dictionary 475 (6th ed. 1990) ("[i]n criminal law, a person 'distributes' a dangerous drug when he sells, transfers, gives or delivers to another, or leaves, barters or exchanges with another, or offers or agrees to do the same"). See also *Blockburger* v. *United States*, 284 U.S. 299, 301-303 (1932).

[5]See, e.g., *Commonwealth* v. *Nichypor*, 419 Mass. 209, 212 (1994) ("[w]here a crime can be committed in any one of several ways . . . [t]hen

or a continuing offense occurring at several times and places over a period of time, cf. G. L. c. 277, § 32.[6] Instead, on its face, the indictment appears to refer to a single act of distributing cocaine on March 16, 1992. We are thus confronted with the very real possibility that the defendant was convicted of a crime for which he was not indicted by a grand jury.

This court encountered a somewhat similar situation in *Commonwealth v. Dean*, 109 Mass. 349, 351 (1872), where an indictment charged the defendant with one count of rape. Before trial, the prosecutor entered a nolle prosequi on the rape charge. The evidence showed that the victim was assaulted at least twice on the same day in the same location, but that only one of the assaults was the basis of the original rape indictment. *Id.* at 352. The jury convicted the defendant of assault. *Id.* The court overturned the convictions, stating that the jury should have been instructed that they could only convict for the assault connected with the rape. *Id.* In doing so, the court stated:

> "It is the duty of the Commonwealth to prove the identity of the offence charged in the indictment with that on which it seeks to convict before the jury of trials. It is a rule of the common law, as well as a provision of the Constitution of this Commonwealth, that no one shall be held to answer, unless the crime with which it is intended to charge him is set forth in the indictment with precision and fulness; and this rule is not to be defeated by allowing the defendant to be convicted upon evidence of another offence of the same kind, committed on the same day, but not identical with it."

*Id.*

---

the defendant should be convicted if it is proved that he committed the crime in any of those ways"); *Commonwealth v. Dowe*, 315 Mass. 217, 219-220 (1943).

[6]See, e.g., *Commonwealth v. Conefrey*, 420 Mass. 508, 511 n.6 (1995) (indictment alleged indecent assault and battery "at divers times and dates"); *Commonwealth v. Comtois*, 399 Mass. 668, 669 (1987) (same).

The facts of the present case, however, are more invidious. In *Dean*, all parties knew which specific incident was the basis for the indictment — the history of the indictment made that clear. Therefore, the judge could have instructed the jury to render their verdict only on the factual incident which was the basis for the indictment, thereby leaving the defendant's art. 12 rights intact. In this case, however, as discussed below, jury instructions could not cure the constitutional error in the indictment.

The Commonwealth argues that any defect was cured by the specific unanimity instruction, an instruction which the judge included in her charge upon motion of the defendant. We agree that a specific unanimity instruction was necessary to preserve the defendant's right to a unanimous verdict. "[W]here the defendant requested a specific unanimity instruction and where there is a significant likelihood that [a] conviction [could result] from different jurors concluding that the defendant committed different acts, the judge should give the requested specific unanimity instruction." *Commonwealth* v. *Conefrey*, 420 Mass. 508, 514 (1995).

The flaw in the Commonwealth's argument, however, is this: Since the Commonwealth was allowed to present evidence of both March 16 transactions to the jury, the jury — even though following the specific unanimity instruction to the letter — may have reached unanimity only on a transaction for which the defendant was not indicted. Thus, the instruction does not cure the defect: the defendant still may have been "held to answer" for a crime not set forth in the indictment. See *Commonwealth* v. *Dean, supra* at 352.

Our cases involving specific unanimity instructions do not require a different result. See *Commonwealth* v. *Conefrey, supra*; *Commonwealth* v. *Keevan*, 400 Mass. 557, 566 & n.6, 567 (1987). First, there is no indication that the defendants in those cases argued that they were deprived of art. 12 rights regarding grand jury indictment. Thus, we were not presented with the issue before us. Second, the cases discussing specific unanimity instructions involve either indictments alleging continuing offenses, see, e.g., *Commonwealth* v.

*Conefrey, supra,* or indictments alleging multiple theories of criminal liability for a single offense, see, e.g., *Commonwealth* v. *Nichypor,* 419 Mass. 209, 212 (1994).[7]

The Commonwealth argues that, even if the indictment was defective, the defendant waived his right to object to it and the issue was not properly preserved for review. See G. L. c. 277, § 47A. We disagree. First, there is no question that a defendant need not request a bill of particulars, see G. L. c. 277, §§ 34, 38, where, as here, a detailed description of the evidence would have added nothing. The defendant was aware that both March 16 transactions had been presented to the grand jury, so a bill of particulars would not have resolved the indictment's ambiguity. See *Commonwealth* v. *Ries,* 337 Mass. 565, 580-581 (1958).[8] Second, the defendant properly preserved the issue by moving before trial to dismiss the indictments on a number of grounds, including duplicity.[9,10]

---

[7]On the other hand, requiring the Commonwealth to elect which March 16 transaction it would prove at trial was also not the proper solution and the judge properly denied the defendant's motion to that effect. In the case that the grand jury had indicted on only one of the incidents, to require the Commonwealth to choose one incident could still have resulted in a trial for an unindicted offense. The judge correctly noted that an election would be improper when she stated: "[W]hat you're asking me to do is to limit the government to evidence of only one transaction and, then, if the defendant is found guilty, then you will argue later on that that was not the incident on which the grand jury returned a true bill."

[8]The Commonwealth conceded this point at oral argument.

[9]The actual motion is not in the record, although the docket makes clear that it was made. In the course of discussing the defendant's motion to require election, the judge expressed her opinion that the defendant's motion to dismiss the indictments for duplicity did not encompass the issue at hand. With the motion apparently before her, the judge stated: "You don't raise the fact that grand jurors might have voted on different parts of the offense." Since it is a "basic premise of the criminal law . . . that ambiguities and doubts are to be resolved in favor of the accused," *Commonwealth* v. *Hrycenko,* 417 Mass. 309, 317 (1994), quoting *Commonwealth* v. *Wilson,* 381 Mass. 90, 125 (1980), we may presume that the defendant's motion to dismiss encompassed the issue before us.

[10]"Duplicity is the charging of several separate offenses in a single count." R.M. Kantrowitz & R. Witkin, Criminal Defense Motions § 9.7

It remains then, for us to determine the proper remedy. The Commonwealth points out correctly that the defendant had adequate notice to prepare his defense on the basis of both March 16 transactions. Although there is no allegation that the defendant's ability to prepare his defense was prejudiced, we do not find that the error was harmless. Cf. G. L. c. 277, § 35. Where there is a substantial risk that the defendant was convicted of a crime for which he was not indicted by a grand jury, we cannot apply a harmless error standard. See *United States* v. *Floresca*, 38 F.3d 706, 711 (4th Cir. 1994). See also *Stirone* v. *United States*, 361 U.S. 212, 217 (1960) (depriving defendant of "right to be tried only on charges presented in an indictment returned by a grand jury" is "far too serious to be treated as nothing more than a variance and then dismissed as harmless error"). Instead, we must reverse the convictions based on the March 16 incidents.

The reversal of the convictions based on the March 16 incidents does not affect the remaining indictment, which was sufficiently distinct from the constitutionally infirm indictment to avoid tainting the entire trial. The factual incidents underlying the two indictments, while similar, indicate separate offenses of relatively equal seriousness. *Commonwealth* v. *Miranda*, 415 Mass. 1, 7 (1993), is not to the contrary. In *Miranda* the defendant's conduct underlying the valid indictment was as a "go between." Thus evidence of the defendant's direct involvement in a drug sale made a conviction on the valid indictment alleging peripheral involvement more likely.

We next address the defendant's argument that the admission of the expert testimony of Officer Garvey on the issue of the defendant's guilt was reversible error. We agree that it was error to allow the testimony, but conclude that the error was harmless.

(1991), quoting *Tripp* v. *United States*, 381 F.2d 320, 321 (9th Cir. 1967). See also 1 C.A. Wright, Federal Practice and Procedure § 142, at 469 (2d ed. 1982).

We recently confronted a similar issue in *Commonwealth* v. *Woods*, 419 Mass. 366, 374-376 (1995). In *Woods*, two police officers testified that, in their opinions, the defendant in that case had engaged in a drug transaction. *Id.* at 375 n.13. We noted that, while "[a] trial judge has broad discretion with respect to the admission of expert testimony," *id.* at 374, "[a]n expert may not . . . offer an opinion as to the defendant's innocence or guilt." *Id.* at 375. Admitting the testimony was error because "the police officers' testimony that the defendant was involved in a drug sale was, in effect, expert opinion that the defendant was guilty of the charges." *Id.* We concluded that the error was harmless since, "[i]n light of the strength of the Commonwealth's case, the admission of the improper testimony was not substantially prejudicial." *Id.*

There is no question that the testimony admitted here was error, and the Commonwealth concedes as much. See P.J. Liacos, Massachusetts Evidence § 7.3, at 365-366 (6th ed. 1994). Here, as in *Woods*, the Commonwealth's case, consisting of firsthand accounts of police officers about the defendant and his customers, was strong. *Id.* at 376. The defendant attempts to distinguish *Woods*, but we believe the defendant overstates the differences between the cases, which do not merit a different result. We conclude that the error was not prejudicial and consequently affirm the convictions on the remaining indictment.[11]

Accordingly: (1) the judgment on indictment no. 92-10977 is reversed and the verdict is set aside; (2) the judgment on

---

[11]The Commonwealth argues that the expert testimony issue was not properly preserved and thus must be evaluated to see whether it presented a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Westerman*, 414 Mass. 688, 701 (1993). This argument is of dubious merit, given that the defendant objected to the testimony before it was given and at several times during the testimony, and moved to strike after the testimony was given. In any case, we need not decide the issue. Even if we assume that the defendant is correct and the issue was properly preserved, the error was not prejudicial. See *Commonwealth* v. *Woods*, 419 Mass. 366, 368, 375 (1995) (error not prejudicial where expert testimony admitted over defendant's objection).

indictment no. 92-10524 is affirmed; and (3) an order is to be entered dismissing indictment no. 92-10977 without prejudice.

*So ordered.*