COMMONWEALTH *vs.* RONALD W. BERRY. No. 01-P-1243. May 24, 2005. *Controlled Substances. Practice Criminal,* Indictment, Grand jury proceedings. *Grand Jury.*

Stripped of considerable chaff in the appeal, this case reduces to a single decisive question: was there a substantial risk of a miscarriage of justice that the jury convicted the defendant of a crime for which he was not indicted, in violation of art. 12 of the Massachusetts Declaration of Rights? We conclude that the answer is "no," and, accordingly, we affirm the judgments of conviction.

The pertinent background is as follows. On March 30, 1999, police officers executed a search warrant of the defendant's residence at 118A Tremont Street in Melrose. Items sought in the warrant were seized from the following locations: (1) the master bedroom on the second floor; (2) the kitchen; and (3) the defendant's car. In the master bedroom beneath a bureau containing men's clothing, an officer found a locked, gold-colored box that, when pried open, contained about twenty ounces of cocaine packaged in twenty bags (weighing 559.5 grams) and thirteen small "twists" (weighing 17.98 grams). On top of the same bureau were found two bags of marijuana and about $1,200 in cash rolled up in two separate bundles. Also found on top of the bureau were a beeper, a cellular telephone, a notebook with a "cuff sheet" containing client names and amounts owed, identification cards, a calculator, and a change purse containing four "twists" of cocaine (weighing 6.88 grams). In the bedroom closet were scales, a sifter, baggies, and the title to the defendant's Lincoln automobile. Also standing in the master bedroom, which the defendant shared with his girlfriend, was a second bureau containing women's clothing.

---

Inside one of the drawers, police officers seized a red pouch containing a vial of cocaine (weighing 8.19 grams). There was also a New Hampshire operator's license belonging to the defendant's girlfriend. Inside a desk adjacent to the bureau containing women's clothing was $6,800 in cash taped underneath a drawer. Last, in the kitchen, on top of the refrigerator, was $800 in cash, and in the defendant's car was a bag of marijuana.

On the basis of the items seized, the defendant was indicted for trafficking in cocaine in violation of G. L. c. 94C, § 32E(*b*)(4); possession of cocaine with intent to distribute cocaine (third offense) in violation of G. L. c. 94C, § 32A(*c*), (*d*); and possession of marijuana with intent to distribute in violation of G. L. c. 94C, § 32C(*a*). A Superior Court jury found him not guilty of the trafficking charge and convicted him of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. He pleaded guilty to the subsequent offense indictment.

On appeal, the defendant does not contest the conviction of possession of marijuana with intent to distribute, and any argument as to that conviction is waived. As the defendant views it, his conviction of possession with intent to distribute cocaine fails because the police officer only testified about two distinct parcels of cocaine to the grand jury: (1) the 559.5 grams contained in the gold metal box, which was the presumed basis of his trafficking indictment; and (2) the vial of cocaine that was found in a red pouch in his girlfriend's bureau. At trial, without objection, testimony was admitted that the latter cache, if discovered alone, would strike the police officer as consistent with personal use. Because the only other amount of cocaine seized and admitted at trial was the 6.88 grams of cocaine found in a change purse on top of the defendant's bureau, which was not presented to the grand jury, his claim is that he was convicted for a crime for which he was not indicted, to wit: the possession of the 6.88 grams of cocaine with intent to distribute.

The defendant's reliance on *Commonwealth* v. *Barbosa*, 421 Mass. 547, 549-554 (1995), is misplaced. In that case, the Supreme Judicial Court reversed a distribution of cocaine conviction where the grand jury were presented with evidence of two separate transactions on the same date, each constituting a distribution, but the grand jury returned only one undifferentiated count in the indictment. *Id.* at 550. Such an indictment might mean that the grand jury found probable cause to indict for one of the transactions, but not the other. *Ibid.* At trial, the prosecution presented evidence of both transactions. *Id.* at 552. The court held that because the indictment appears to refer to a single act of distributing cocaine, and both transactions were submitted to the grand jury, it is possible that the defendant's conviction, on a general verdict slip, included an offense for which he was not indicted. *Ibid.*, citing *Commonwealth* v. *Dean*, 109 Mass. 349, 352 (1872).

By contrast, in this case, there is no danger that the defendant was convicted of acts different from those for which he was indicted by the grand jury. As detailed above, there was only one seizure of cocaine, all from the defendant's bedroom. That both parties presume on appeal that the basis of the trafficking indictment was the cocaine in the gold box does not preclude the possibility that the jury considered the cocaine found in the change purse on his bureau as belonging to the defendant. That evidence, together with the evidence of the cash and drug sales paraphernalia, could, and presumably did, form the basis of his possession with intent to distribute conviction. Unlike the *Barbosa*

case, the indictment here did not charge a single crime committed involving separate acts, which at trial could have subjected him to conviction for an unindicted offense.

This is a case like *Commonwealth* v. *Rabb*, 431 Mass. 123, 131-132 (2000), where the Supreme Judicial Court held that separate amounts of cocaine stored at two discrete locations were sufficiently distinct from one another so as to create different units of prosecution without violating double jeopardy principles. The *Rabb* court said that the appropriate inquiry in a case involving criminal proceedings under "intrinsically related controlled substances statutes" is to ask what " 'unit of prosecution' was intended by the Legislature as the punishable act." *Id.* at 128, citing *Commonwealth* v. *Donovan*, 395 Mass. 20, 28-29 (1985); *Commonwealth* v. *Gurney*, 13 Mass. App. Ct. 391, 401 (1982). Here, the possession of cocaine with intent to distribute charge was supported by evidence of separate quantities of cocaine as well as evidence of intent to sell. That the jury chose to acquit the defendant of the trafficking charge, presumably on the basis of his girlfriend's daughter's testimony that she had hidden the cocaine in the gold box as a favor to a drug dealer acquaintance, does not invalidate the distribution conviction merely because evidence of cocaine in the defendant's change purse was not presented to the grand jury. There need not be an exact match of evidence between the evidence presented to the grand jury and the evidence presented at trial. See *Commonwealth* v. *Daughtry*, 417 Mass. 136, 142 n.4 (1994).

*Judgments affirmed.*

*Lisa Siegel Belanger* for the defendant.

*Jessica L. Langsam*, Assistant District Attorney, for the Commonwealth.