JERRY CAMPAGNA *vs.* COMMONWEALTH. June 18, 2009. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Double jeopardy, Required finding, Mistrial. *Grand Jury. Controlled Substances. Fraud.*

Jerry Campagna appeals from the denial of his petition for relief under G. L. c. 211, § 3. We affirm the judgment.

*Background.* Campagna was charged, in eight indictments, with seven indictments charging conspiracy to violate the controlled substance laws and one indictment charging theft of a controlled substance. The seven conspiracy indictments were identically worded. Each one alleged that Campagna conspired with one Joan Gomez at divers dates between January 1, 2001, and May 31, 2002, to obtain a controlled substance by fraud. Before trial, Campagna moved to sever the theft indictment on the ground that it alleged a substantive offense about which he was alleged to have conspired. See Mass. R. Crim. P. 9 (e), 378 Mass. 859 (1978). After a hearing, the trial judge reserved ruling on the motion to sever.

The matter proceeded to a jury trial on all eight indictments. At the close of the Commonwealth's case, Campagna moved for required findings of not guilty. The judge ruled that the evidence was sufficient to establish a single overarching conspiracy extending through the time period alleged in the indictments, not seven distinct conspiracies. He proposed to dismiss six of the seven conspiracy indictments, but at Campagna's urging, instead entered required findings of not guilty. In addition, the judge found that the theft indictment did indeed allege a substantive offense within the scope of the alleged conspiracy.

.

As such, Campagna was entitled to severance under rule 9 (e). The judge offered Campagna a choice: either withdraw the motion to sever, in which case the theft indictment would be submitted to the jury, or stand on the motion, in which case a mistrial would be declared as to the theft indictment. Campagna elected to stand on his motion, and a mistrial was declared. The remaining conspiracy count was submitted to the jury, who were unable to reach a unanimous verdict. The judge accordingly declared a mistrial as to that indictment as well.

Campagna thereafter moved to dismiss the two remaining indictments on the ground that double jeopardy principles barred retrial. The judge denied the motion. Campagna's G. L. c. 211, § 3, petition followed, seeking relief from that ruling. The single justice denied relief, permitting the Commonwealth to proceed to separate retrials on the remaining indictments. Campagna filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), and his appeal was permitted to proceed according to the regular appellate process.

*Discussion.* Campagna argues that retrial on either remaining indictment would subject him to double jeopardy. We address each indictment in turn.

As to the remaining conspiracy indictment, Campagna argues that the judge found that the evidence was insufficient to establish any of the seven distinct alleged conspiracies and thus that he was entitled to an acquittal on all the conspiracy indictments. This argument misconstrues the judge's decision. A fair reading of the judge's ruling, both at the time of the trial and on Campagna's later motion to dismiss, shows that in his view, the evidence at trial was sufficient to establish one overarching conspiracy that could not be subdivided into seven subsidiary conspiracies.[1] In these circumstances, the judge properly submitted one indictment to the jury and entered required findings of not guilty on the others. *Commonwealth* v. *Cerveny*, 387 Mass. 280, 289 (1982). In the *Cerveny* case, the defendant was convicted of seven conspiracies, each corresponding to a separate false report submitted to the Rate Setting Commission. *Id.* at 287. A total of seven false reports were submitted over the course of three years. *Id.* This court concluded that the evidence established at most three agreements, one in each year. *Id.* at 288-289. The court ordered judgment for the defendant on four of the seven indictments, stating, "If . . . multiple charges have been brought under a single conspiracy statute and it appears that the evidence cannot support findings of guilty on all the conspiracies charged, the judge should enter required findings of not guilty or set aside the verdicts (according to the circumstances) as to each of the unsupported charges." *Id.* at 289. That is precisely what the judge did here.

Campagna's argument that the judge materially altered the work of the grand jury (because the surviving conspiracy indictment alleged one of the seven subsidiary conspiracies, not the one overarching one) is similarly unavailing. He relies on *Commonwealth* v. *Barbosa*, 421 Mass. 547 (1995), in which the grand jury were presented with evidence of two separate and distinct incidents allegedly occurring on the same day, but indicted the defendant

---

[1]The Commonwealth's factual basis for charging Campagna with seven separate conspiracies (along with a theft that was, according to the Commonwealth, not a substantive offense within any of them) has not been explained to us. In any event, the correctness of the judge's ruling that the evidence established only one overarching conspiracy, rather than seven subsidiary ones, is not before us.

for only one act, and it was impossible to tell which of the two incidents gave rise to the indictment. Campagna's reliance on that case is misplaced. Here, there is no confusion about the conduct underlying the indictments. The judge simply concluded that the same conduct that was before the grand jury established at most one ongoing conspiracy, not seven separate ones. There was no change in substance to the grand jury's work. Indeed, we approved a similar outcome in *Commonwealth* v. *Cerveny, supra.* In that case, the grand jury charged the defendant with seven conspiracies, each arising from the filing of a false report, but we concluded that the evidence established three conspiracies, each arising from an agreement to file false reports in a given year. We affirmed three of the convictions, despite the fact that our view of the defendant's conduct may have differed from the grand jury's. In sum, the entry of required findings of not guilty on six of the conspiracy indictments does not bar retrial on the remaining one.

As to the theft indictment, Campagna argues that there was no manifest necessity for the mistrial order and that the evidence was insufficient to warrant a conviction. We disagree with both arguments. First, there was a manifest necessity for the mistrial. The judge found that the theft indictment was a substantive offense within the conspiracy. Such indictments "shall not be tried simultaneously . . . unless the defendant moves for joinder of such charges." Mass. R. Crim. P. 9 (e). The indictments should not have been tried together. The judge gave Campagna an opportunity to withdraw his objection to the joint trial, and Campagna chose to stand on it, knowing that the consequence would be a mistrial. In these circumstances, the judge had no alternative but to declare a mistrial. Second, for the reasons explained by the single justice in his memorandum of decision, the evidence was sufficient to show that Campagna stole controlled substances from his place of employment. There was evidence, some of it on a videotape recording, that Campagna was filling a prescription, that he placed a bottle into the trash while doing so, that no one ever signed for or paid for the prescription, and that the prescription drugs were not found in the store thereafter. We have reviewed the relevant portions of the record, including the videotape. Contrary to Campagna's argument, we think a reasonable jury could conclude that he placed a filled prescription bottle into the trash and then later removed it from the pharmacy. Finally, because we conclude that the evidence was sufficient, it is unnecessary for us to decide whether the judge should have ruled on Campagna's motion for a required finding of not guilty on the theft indictment before declaring the mistrial.

*Conclusion.* The judgment of the county court is affirmed.

*So ordered.*

*James F. Petersen,* Assistant District Attorney (*Joseph A. Pieropan,* Assistant District Attorney, with him) for the Commonwealth.

*John M. Thompson* for the plaintiff.