The Commonwealth appeals from the allowance of the defendant's motion to dismiss on double jeopardy grounds. In an earlier trial on the same facts, the defendant was charged with assault and battery by means of a dangerous weapon, an ice pick; a jury found her guilty only of so much of the complaint as charged her with assault and battery. This court reversed the conviction, ruling that evidence of bias on the part of the alleged victim had been excluded wrongfully at the trial. Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 190 (2013).[3]
On remand, the defendant argued in a motion to dismiss that, after this court reversed her conviction on direct appeal, she could not be retried on either the originally charged offense of assault and battery by means of a dangerous weapon or the lesser included offense of assault and battery. A judge (not the trial judge) allowed the motion to dismiss on the basis that in the original trial, because the evidence and both parties' theory of the case were directed solely to the defendant's attack with an ice pick, the evidence was insufficient to sustain a conviction on the lesser included offense. We reverse.
Background. In assessing this claim, we first consider the trial evidence.[4] The alleged victim, James Hubbard, was the only witness to testify. He stated that the defendant, who was Hubbard's stepson's wife, punched him in the face outside of a pizza shop; he responded by slapping her face, knocking her to the ground. The defendant then got up and lunged at Hubbard with a closed fist, causing him to feel a sharp pain in his arm. The defendant continued to swing an "object"-described by Hubbard as an ice pick-at Hubbard as he moved away. A crowd gathered as Hubbard put his hands up and the defendant struck him five or six more times on his arms with the object in her fist. The blows also grazed Hubbard's forehead. According to Hubbard, the defendant had the ice pick in her fist during the entire episode, including during her initial blow to his face. Hubbard also testified that the stab wounds went to the bone in his arm and that there was substantial bleeding. At another point in the trial, Hubbard said that his wounds"looked ... like being stabbed with a pen or something like that diameter." He could not describe the size of the weapon, stating only that it was silver. When Hubbard called the police, the defendant fled.
The police and an ambulance arrived and Hubbard was transported to the hospital, where he was treated and released shortly thereafter. No ice pick was recovered and the only other evidence was Hubbard's medical records, which stated that he was treated for two "small pin point superficial puncture wounds," or "small pinprick opening[s]," one on each forearm.
At the conclusion of the evidence, the Commonwealth requested an instruction on the lesser included offense of assault and battery. The defendant objected, stating that simple assault and battery was not charged and that because Hubbard described being stabbed only with an ice pick, assault and battery by means of a dangerous weapon was the only crime that could be submitted to the jury. The trial judge responded that she would decide after she heard closing arguments.
During closing argument, the defense challenged Hubbard's credibility, juxtaposing his description of a vicious stabbing that had resulted in serious injuries with the medical records that described two small pin pricks as the only observable harm. The defense further emphasized that, despite the arrival of the police and a crowd having gathered, no additional witnesses were summonsed, no photographs were offered, and no weapon was recovered. Nor could Hubbard describe the weapon in any detail. Against this backdrop, the defense urged the jury to discredit Hubbard's testimony and find that the Commonwealth had not met its burden of proof.
For its part, the Commonwealth argued to the jury that, based on Hubbard's testimony and the medical records identifying his wounds, "you can only find that [the defendant] stabbed [Hubbard] with the ice pick. There's no other evidence in this case about [those injuries]." In her instructions to the jury, and over the defendant's objection, the trial judge included an instruction on the lesser included offense of assault and battery. The defendant was convicted of that offense.
Motion to dismiss. On remand from this court, the defendant filed a motion to dismiss, arguing that retrial on the lesser offense of assault and battery is barred on grounds of double jeopardy because the evidence in the original trial was insufficient to sustain the conviction and, alternatively, that retrial is prohibited because it cannot be ascertained whether the conviction rests on charged or uncharged conduct.[5] After a nonevidentiary hearing, the motion judge allowed the defendant's motion.
On appeal, the Commonwealth argues that 1) evidence that the defendant held the ice pick in her fist permits an inference that both her fist and the ice pick struck Hubbard and suffices to establish a simple assault and battery; and 2) evidence of the element that differentiates the greater and lesser offense-namely, whether a dangerous weapon was used-was equivocal and thus, an instruction and conviction on the lesser included offense was proper.[6]
Discussion. 1. Lesser included offense instruction. It is beyond dispute that assault and battery is a lesser included offense of assault and battery by means of a dangerous weapon. See Commonwealth v. Kelly, 470 Mass. 682, 699 (2015). It is equally clear that, "if the evidence is sufficiently in dispute at the trial so that a jury may rationally find the defendant not guilty of the greater and guilty of the lesser offense, a judge should give a lesser included offense instruction." Commonwealth v. Drewnowski, 44 Mass. App. Ct. 687, 692 (1998). See Commonwealth v. Woodward, 427 Mass. 659, 664-665 (1998). Even where, as here, the defendant objects to that instruction, it may be given "if on any hypothesis of the evidence, the jury could have found the defendant guilty of the lesser included offense and not guilty of the greater offense." Commonwealth v. Russell, 470 Mass. 464, 480 (2015) (quotation omitted). In assessing that equation, "the judge may consider the possibility that the jury reasonably may disbelieve the witnesses' testimony regarding an element required of the greater, but not the lesser included, offense." Ibid.
In this case, the defense theory spotlighted evidence that suggested that Hubbard had so inflated his account of the attack that it impugned all of his testimony. This all-or-nothing strategy, however, posed a collateral risk. The strategy illuminated evidence that suggested the weapon in Hubbard's fist was not a dangerous one.[7] Even Hubbard at one point compared the size of the wounds to those made by a pen, raising the additional specter that the object may not have been an ice pick.
The posture of the case placed the dangerous weapon element plainly in dispute. The trial judge's correct instruction on this element focused the jury on the evidentiary discrepancies on this point. The trial judge told the jury that "[t]he law considers any item to be ... a dangerous weapon if it is intentionally used in a way that it reasonably appears to be capable of causing serious injury to another person." See Commonwealth v. Tevlin, 433 Mass. 305, 310 (2001) ; Commonwealth v. Oliveira, 445 Mass. 837, 843 (2006) ; Commonwealth v. Mercado, 24 Mass. App. Ct. 391, 397 (1987). In this case, the evidence raised the question whether the object in the defendant's fist was capable of causing serious injury and therefore, whether it was a dangerous weapon. Moreover, deciding this question hinged on an assessment of the element that differentiated the charged offense from the lesser included offense of assault and battery. The instruction on the lesser offense was therefore proper and the resulting conviction was based on evidence and the fair inferences that could be drawn therefrom that the object in the defendant's hand was not a dangerous weapon. See and contrast Commonwealth v. Cox, 327 Mass. 609, 611 (1951) (defendant lacerated victim's body with ice pick); Commonwealth v. Montgomery, 76 Mass. App. Ct. 500, 501 (2010) (defendant stabbed victim in head with ice pick causing it to bend).
The motion judge found that it was "impossible for someone not to have considered an ice pick ... as ... anything but a dangerous weapon." We disagree. The medical records that described two pin pricks as the only noted injury, without more, raised both the question whether the weapon was capable of causing serious injury to another person and the question whether whatever was in the defendant's hand was used in such a way as to cause serious injury-in short, whether it was a dangerous weapon.
2. Conviction of uncharged conduct. Relying on Commonwealth v. Barbosa, 421 Mass. 547 (1995), the defendant argues that there is a risk she was convicted of conduct with which she was not charged. In Barbosa, the grand jury heard evidence that the defendant participated in two suspected drug transactions on the same day. He was indicted for "one count of distribution of cocaine; one count of distribution of cocaine within a school zone; and one count of possession of cocaine with intent to distribute. Count one of this indictment ... referred to the date of the incident, but did not include any specific allegations about the time of the incident or the name of the buyer. There was no indication that count one of the indictment was intended to include more than one act of distribution." Id. at 548.
In its opinion reversing the conviction, the Supreme Judicial Court observed, "the grand jury were presented with evidence of two separate transactions on March 16-each of which constituted a 'distribution' of cocaine-and yet returned only one count. The result may be explained one of two ways. First, the grand jury may have found probable cause to indict the defendant for one of the March 16 transactions, but not the other. Second, they may have intended the indictment to encompass both transactions.... [O]n its face, the indictment appears to refer to a single act of distributing cocaine on March 16, 1992." Id. at 550-561. During the trial, the jury had heard evidence of both transactions and, as a result, the court concluded, "We are thus confronted with the very real possibility that the defendant was convicted of a crime for which he was not indicted by a grand jury." Id. at 551.
In the defendant's view, Barbosa applies here because Hubbard testified at trial that the altercation began when the defendant punched him in the face. According to the defendant, that conduct was not included in the complaint that alleged only the subsequent blows with an ice pick; she argues, therefore, that the uncharged conduct may have formed the basis for the jury's verdict.
The Barbosa rule, however, applies only to indictments, not complaints. See Commonwealth v. Bynoe, 49 Mass. App. Ct. 687, 692-693 (2000). In addition, because the defendant did not present this argument either by objecting at trial or in her direct appeal, the defendant's claim "boils down to ... whether [the error, if any, created] a substantial risk of a miscarriage of justice."[8] Id. at 693. See Commonwealth v. Randolph, 438 Mass. 290, 294-296 (2002) ("[A] defendant must raise a claim of error at the first available opportunity," or error is waived and reviewed only for substantial risk of miscarriage of justice). See also Commonwealth v. Holley, 476 Mass. 114, 119 (2016).
Here, even if we were to assume that the trial judge should have instructed the jury that the acts underlying the lesser included offense of assault and battery must be related to the acts underlying the greater offense with which the defendant was charged, there is no substantial risk of a miscarriage of justice. It is correct that Hubbard's description of the defendant's first blow did not mention a weapon, but Hubbard later clarified that account. When asked where the defendant got the ice pick from when she stood up and began to stab him, Hubbard testified, "Obviously it must have been in her hand ... [t]he whole time." When this testimony is viewed in conjunction with the consistent theory of both the Commonwealth and the defense that there was but one incident on trial and that that incident related to the defendant having attacked Hubbard with an ice pick, there is no substantial risk that the defendant was convicted of uncharged conduct. See Commonwealth v. Bynoe, 49 Mass. App. Ct. at 692-695 (no substantial risk of miscarriage of justice even after judge instructed jury on uncharged offense that was not lesser included offense).
Order allowing motion to dismiss reversed.

The defendant had raised several other issues on appeal, but we determined that, given our disposition of the case, those issues did not require discussion. Commonwealth v. Kindell, 84 Mass. App. Ct. at 184, 190. One of the issues raised but not discussed was whether the instruction on the lesser included offense of assault and battery was improper because the defendant had pursued an all-or-nothing defense and the evidence was insufficient to sustain the lesser offense.

We rely on the facts as set forth in our prior decision, Commonwealth v. Kindell, 84 Mass. App. Ct. at 184-185, and supplement those facts with details from the trial evidence that are relevant to the issue now before us.

The defendant also argued in the motion to dismiss that retrial on the charge of assault and battery by means of a dangerous weapon is barred by double jeopardy and that due process prohibits successive prosecutions. The parties properly agreed that the defendant cannot be retried on the greater offense of assault and battery by means of a dangerous weapon, after having been convicted of assault and battery, and the defendant does not pursue the latter argument on appeal. See Commonwealth v. Burke, 342 Mass. 144, 149 (1961).

Given our conclusion with respect to the second argument, we do not address the Commonwealth's first claim.

The term " 'dangerous weapon' has a defined meaning under the common law that is routinely applied to those statutory crimes [such as the crime charged in this case] that have a dangerous weapon element." Commonwealth v. Wynton W., 459 Mass. 745, 749 (2011). "[W]hether a weapon is 'dangerous' [under this definition] is based on a distinction between weapons that are dangerous per se and those that are dangerous as used. A weapon is 'dangerous per se' if it is an 'instrumentality designed and constructed to produce death or great bodily harm' and 'for the purpose of bodily assault or defense, [such as] firearms, daggers, stilettos and brass knuckles but not pocket knives, razors, hammers, wrenches and cutting tools.' " Commonwealth v. Bois, 476 Mass. 15, 29 (2016) (quotations and citation omitted).

At trial and on direct appeal, the defendant argued that an instruction on the lesser included offense was improper because the evidence was insufficient to sustain the conviction of assault and battery where the evidence was directed solely to an attack with an ice pick. See note 1, supra.