Background. The charges arose from events involving the defendant and the victim on the night of January 18-19, 2014, between 11:00 P.M. and 3:00 A.M. After he picked up the victim from work, the defendant and the victim argued before going to two bars. They stayed at one bar until closing, then left together to help a friend get his automobile out of a ditch in the town of Mashpee. While the defendant helped his friend extricate the vehicle, the victim looked through the defendant's cellular telephone, finding a message that angered her. The victim then confronted the defendant, which led to the defendant grabbing her hair and throwing her to the ground twice. The defendant then slammed the victim's head against his truck before they drove off together.
As the defendant drove with the victim throughout Mashpee, he forced her to perform oral sex on him. To prevent her from stopping, the defendant repeatedly hit the victim. He then drove to a parking lot in the town of Falmouth. There, the defendant hit the victim again before allegedly vaginally and anally raping her.
On May 9, 2014, a grand jury indicted the defendant on three counts of rape, one count of assault and battery, and one count of violation of an abuse prevention order. The indictments specified that the assault and battery and the first count of rape occurred in Mashpee, and that the second and third counts of rape occurred in Falmouth. A jury trial began on October 22, 2015. Following the presentation of evidence and closing arguments, the judge provided detailed and accurate instructions to the jury on all charges.[2] After one hour of deliberation, the jury asked the judge, "How do the three counts [of rape] differ?" The judge then gave a supplemental instruction, further explaining the modified unanimity instruction regarding the three charges of rape, and requiring the jury to unanimously agree on each of the three counts.[3] In the supplemental instruction, the judge read portions of the rape indictment to identify each charge by its location. In doing so, he did not recite other elements of the offense of rape. Two hours after the supplemental instruction, the jury returned guilty verdicts on the first count of rape and on the assault and battery charge.
On appeal, the defendant argues that the judge erroneously responded to the jury's question by giving a supplementary instruction on the crime of assault with intent to commit rape rather than rape. Additionally, he argues that the assault and battery indictment lacked specificity and resulted in a constitutionally defective conviction and the admission of overly prejudicial evidence of uncharged crimes. We review all issues raised.
1. Jury instructions on the rape charges. The defendant maintains that the judge committed reversible error in the supplemental instructions following a single question from the jury. Where, as here, the defendant failed to object to the instructions at trial, we review the instructions to determine whether any error in those instructions creates a substantial risk of a miscarriage of justice. See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967).
We must "judge the adequacy of a particular instruction not in isolation but in the context of the entire charge ...." Commonwealth v. Stokes, 440 Mass. 741, 750 (2004). Further, judges "need not repeat all or any part of the original instructions" when providing supplemental instructions. Ibid. See Commonwealth v. Nelson, 468 Mass. 1, 16 (2014).
The defendant contends that the judge made reference only to the crime of assault with intent to commit rape ( G. L. c. 265, § 24 ), an offense which does not include all the elements of rape.
However, this omission cannot be divorced from context. See Commonwealth v. Carrion, 407 Mass. 263, 270 (1990). When responding to the jury's question, the judge specifically tailored his supplemental instructions to further explain the modified unanimity requirement of the three distinct counts of rape, not to augment any earlier instructions regarding the elements of the offense of rape.[4] The jury's question pertained to how they should separate each count of rape; the judge's supplemental instruction was in direct response, providing clarity by distinguishing each such count geographically. These supplemental instructions did not replace or supersede the accurate and clear original instructions that the jury received, nor did they create confusion. See Commonwealth v. Sellon, 380 Mass. 220, 233-234 & n.20 (1980). Accordingly, we find no error in the judge's supplementary instruction within the specific context and in light of the entire charge.
2. Assault and battery charge. Next, the defendant argues that the conviction of assault and battery is constitutionally defective under art. 12 of the Declaration of Rights of the Massachusetts Constitution because there exists a substantial risk that he was convicted of a crime for which he was not indicted by a grand jury. See Commonwealth v. Barbosa, 421 Mass. 547, 554 (1995).[5] The defendant was indicted on one count of assault "at Mashpee." At trial, the Commonwealth presented evidence that the defendant repeatedly hit the victim during the alleged rapes that occurred in Falmouth. The judge's instruction on assault and battery did not limit the jury's consideration in geographic scope. The jury did not receive a copy of the indictment. Due to the ambiguity of the instruction, we cannot be certain that the defendant was convicted of assault and battery based on conduct that occurred in Mashpee.[6] See Barbosa, supra at 554. Accordingly, we reverse the conviction for assault and battery.
3. Undue prejudice of assault and battery evidence. Acknowledging that the admission of evidence of a battery in Falmouth was an uncharged bad act requires us to determine whether the admission of the victim's testimony about that battery created a substantial risk of a miscarriage of justice.[7] See Freeman, supra at 563-564. We review the evidence and the case as a whole "to determine if we have a serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. Azar, 435 Mass. 675, 687 (2002), quoting from Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). Here, the defendant was acquitted on both counts of rape in Falmouth, acts for which the evidence of the Falmouth battery was most prejudicial. Any impact that such evidence may have had on the jury concerning the remaining conviction for the rape in Mashpee does not rise to the level of substantial risk of a miscarriage of justice. Even if the admission of such evidence was in error, we are satisfied that the result of the trial would not have been different, and that the jury fairly concluded that the defendant was guilty of rape relating only to the conduct in Mashpee.
Accordingly, the judgment on the indictment for assault and battery is reversed, the verdict is set aside, and judgment is to enter for the defendant. The remaining judgment is affirmed. The case is remanded to the Superior Court for resentencing as the judge deems appropriate.
So ordered.
Reversed in part, affirmed in part, and remanded.

The Commonwealth entered a nolle prosequi on the charge of violation of the abuse prevention order; that charge was not included in the judge's instructions.

Before giving the supplemental instructions, the judge, the Commonwealth, and defense counsel agreed that the first rape charge was for acts that occurred in Mashpee, and the second and third were for acts that occurred in Falmouth.

At a sidebar, the judge requested input from both the Commonwealth and defendant's counsel before giving the supplemental instruction. At sidebar, defendant's counsel stated that the jury was not "asking for elements" when they submitted the question. Defendant's counsel did not object after the jury received the supplemental instruction.

The defendant did not object to the indictment before jury deliberation, and so we review under a standard of substantial risk of a miscarriage of justice. See Commonwealth v. Fernandes, 430 Mass. 517, 521 n.13 (1999), cert. denied sub nom. Martinez v. Massachusetts, 530 U.S. 1281 (2000).

Constitutional error of this sort does not permit harmless error analysis. See Barbosa, supra at 554.

The defendant's counsel did not object to testimony of the Falmouth battery at trial. Defendant's counsel did argue that some of the unspecified batteries were "uncharged acts" in support of his motion for a required finding of not guilty, but this challenge was untimely. See Commonwealth v. Roberts, 433 Mass. 45, 50 n.6 (2000).