SUPERIOR COURT 
 
 COMMONWEALTH v. MAKAYLA LOWE

 
 Docket:
 2281CR00240
 
 
 Dates:
 September 28, 2023
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 MIDDLESEX
 

 
 Keywords:
 DECISION AND ORDER DENYING COMMONWEALTH’S MOTION TO REVISE SENTENCE
 
 

 Makayla Lowe recently pleaded guilty to indictments for armed robbery, home invasion, armed assault in a dwelling, and conspiracy to commit a home invasion. The Court imposed a sentence of four to six years in prison on the armed robbery charge, plus probation of either one or two years on the other indictments, to run from and after Ms. Lowe’s future release from prison.

The Commonwealth now asks the Court to revise the sentence, arguing that it was illegal for the Court to sentence Ms. Lowe to anything less than five years in prison on the armed robbery charge. The Court disagrees. It will therefore deny the Commonwealth’s motion to revise this sentence.

If someone is convicted of committing robbery while “being armed with a dangerous weapon,” they are subject to being imprisoned in state prison for any  term  up  to  life,  without  any  minimum  term.  See  G.L.  c.  265,  § 17. In contrast, if someone is convicted of committing robbery “while armed with a firearm, shotgun, rifle, machine gun or assault weapon,” and the judge decides to sentence them to prison on that charge, then the term of imprisonment must be “for not less than five years.” Id.

The armed robbery indictment in this case alleged that:

Makayla Lowe, on the twenty-second day of March in the year of our Lord two thousand and twenty two at Lowell, in the County of Middlesex aforesaid, being armed with a dangerous weapon, to wit: firearm did assault John Miller with intent to rob, and thereby did rob and steal from John Miller.

By opting to use the language “to wit: a firearm,” the Commonwealth obtained an armed robbery indictment that could be proved by showing that Ms. Lowe had committed armed robbery using any kind of dangerous weapon, whether it was a firearm or something completely different. See Commonwealth v. Prado,

-1-

94 Mass. App. Ct. 253, 262 (2018). If a defendant is indicted for committing armed robbery “with a handgun,” see Commonwealth v. Garrett, 473 Mass. 257, 264 (2015), they may not be convicted based on evidence that they actually used some dangerous weapon other than a firearm, such as a BB gun, see id. at 258–264. In contrast, if a defendant is indicted for committing armed robbery using “a dangerous weapon, to wit: firearm,” they may be convicted based on evidence that they used a BB gun or some other dangerous weapon that is not a firearm. Prado, supra, at 261–262. The “to wit” language specifying what kind of weapon was used to commit the armed robbery is “superfluous.” Id. at 263.

This distinction is important and has legal significance.

Article  12  of  the  Massachusetts  Declaration  of  Rights  provides  that   “[n]o subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him….” This constitutional provision “requires that no one may be convicted of a crime punishable by a term in the State prison without first being indicted for that crime by a grand jury.” Commonwealth v. Barbosa, 421 Mass. 547, 549 (1995). It codifies the common law rule “that no one shall be held to answer, unless the crime with which it is intended to charge him is set forth in the indictment with precision and fullness; and this rule is not to be defeated by allowing the defendant to be convicted upon evidence of another offence of the same kind, committed on the same day, but not identical with it.” Id. at 551, quoting Commonwealth v. Dean, 109 Mass. 349, 352 (1872).

Under art. 12, if a statute subjects a criminal defendant to an enhanced penalty where specified conditions are satisfied, the enhanced penalty may be imposed only if satisfaction of those conditions is explicitly alleged in the indictment and then also proved at trial. See Commonwealth v. Pagan, 445 Mass. 161, 169–170 (2005) (enhanced penalty for second or subsequent offense); see also, e.g., Commonwealth v. Quincy Q., 434 Mass. 859, 862-865 (2001) (enhanced penalty for juvenile convicted as a ”youthful offender”).

The armed robbery indictment in this case did not fully and plainly, formally, or with any precision put Ms. Lowe on notice that she was being charged with a crime for which the minimum prison sentence would be five years. To do so, the Commonwealth would have had to convince a grand jury to indict her for committing armed robbery “with a firearm” or “with a handgun.” Indicting Ms. Lowe more generically for committing armed robbery “with a dangerous weapon, to wit: firearm” did not expressly invoke the enhanced penalty

-2-

provision of G.L. c. 265, § 17. Instead, it charged Ms. Lowe with committing a crime that could be proved by showing that she had used some other dangerous weapon that would not trigger the enhanced penalty provision. See Prado, 94 Mass. App. Ct. at 262–263.

It follows that Ms. Lowe did not, by pleading guilty to the armed robbery indictment, become subject to the (non-mandatory) minimum five-year prison sentence that would have applied if she had instead pleaded guilty to an indictment for committing armed robbery with a firearm. 

The Commonwealth’s contention that the Court imposed an illegal sentence by committing Ms. Lowe to prison for four to six years on the armed robbery charge is therefore without merit.

ORDER

The Commonwealth’s motion to deny the sentence imposed on Defendant’s armed robbery conviction is denied.