NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1028

COMMONWEALTH

vs.

BORIS CASTRO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant was convicted of rape by unnatural sexual intercourse (rape by finger) pursuant to G. L. c. 265, § 22 (b).  On appeal, the defendant argues, among other things, that the conviction should be reversed because an erroneous constructive amendment to the indictment took place at trial that led to the defendant being convicted of a crime for which he was not charged.  We reverse.[1]

---

[1] Because we conclude there was reversible error based on the constructive amendment to the indictment, we need not reach the defendant's other arguments contending that (1) the medical records were improperly redacted, (2) the prosecutor's closing argument improperly bolstered the victim's credibility, and (3) the judge abused his discretion by denying the defendant's request for jail credit.

Background.  A grand jury indicted the defendant on one count of rape by "sexual intercourse" pursuant to G. L. c. 265, § 22 (b).  The indictment did not state that the defendant was charged with rape by unnatural sexual intercourse.  The victim testified before the grand jury that the defendant penetrated her vagina with his penis but did not testify that he penetrated her vagina with his fingers.

At trial, the victim testified that the defendant penetrated her vagina with both his penis and his finger.  The verdict slip gave the jurors the option of finding the defendant not guilty, finding the defendant guilty of rape (finger), or finding the defendant guilty of rape (penis).  The judge instructed the jury to "check all that applied" and instructed them that there were two ways the Commonwealth could prove that the defendant had sexual intercourse with the victim -- by inserting his penis or his fingers into her vagina.  The defendant did not object.  The jury found the defendant guilty of rape (finger).

Discussion.  "A constructive amendment to the indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those

2

presented by the grand jury" (citation omitted).  Commonwealth
v. Bynoe, 49 Mass. App. Ct. 687, 691 (2000).  The defendant
argues that the constructive amendment of the indictment was
error because the trial evidence, jury instructions, and verdict
slip referred to an act of "unnatural sexual intercourse" when
the indictment alleged only "sexual intercourse," and the jury
convicted the defendant of the act of unnatural sexual
intercourse.  We agree.  In fact, the Commonwealth concedes that
a constructive amendment took place amounting to a substantive
amendment.  An indictment may be amended as to form but not as
to substance.  See Commonwealth v. Garcia, 95 Mass. App. Ct. 1,
4 (2019), citing Mass. R. Crim. P. 4 (d), 378 Mass. 849 (1979).
We conclude (and the Commonwealth agrees) that the defendant's
conviction must be reversed because the jury convicted the
defendant of a crime for which he was never indicted.  See
Commonwealth v. Barbosa, 421 Mass. 547, 554 (1995) ("Where there
is a substantial risk that the defendant was convicted of a
crime for which he was not indicted by a grand jury, we cannot
apply a harmless error standard"); Garcia, supra at 6
(defendant's rape of child conviction reversed where
constructive amendment was one of substance).

     For this reason, the judgment is reversed, the verdict is

set aside, and judgment shall enter for the defendant.

So ordered.

By the Court (Englander, D'Angelo & Tan, JJ.[2]),

*Paul Little*

Clerk

Entered:  September 17, 2025.

---

[2] The panelists are listed in order of seniority.

4